

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0516-10

**GEORGE GAAL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### DENTON  COUNTY

COCHRAN, J., delivered the opinion of the unanimous Court.

O P I N I O N

George Gaal appealed his felony conviction for driving while intoxicated, contending

that the trial judge should have been recused for stating–before hearing any evidence–that

the only plea bargain he would accept would be for the maximum sentence.  The court of

appeals agreed.  It held that by "arbitrarily foreclosing the possibility of any plea bargain

other than one for the maximum punishment," the trial judge had forecast his inability to

consider the full range of punishment and thereby denied appellant due process.[1] The State challenges the appellate court's interpretation of the facts and its application of the standard of review.[2] We conclude that the evidence elicited at the recusal hearing supports the recusal judge's decision–which is itself within the zone of reasonable disagreement.

**I.**

**A.     Factual background.**

The evidence at trial showed that appellant was involved in a late-night, one-car accident on a road near Interstate 35.  A couple driving by stopped and found appellant on the ground in front of his truck.  He appeared disoriented but declined their assistance.  The couple went to a nearby truck stop and called 911, but then noticed appellant driving away. They followed him in their car and watched as he slowly drove into a ditch, then sped out of the ditch and pulled into the truck-stop parking lot, where he stopped.  Police officers arrived and, after performing field tests, determined that appellant was intoxicated.  After appellant's arrest, the officers found hydrocodone, an empty bottle of Crown Royal, and two empty beer

---

[1] *Gaal v. State,* No. 2-08-382-CR, 2010 WL 323574 *3 (Tex. App.—Fort Worth Jan. 28, 2010) (not designated for publication).

[2] The State's two grounds for review read as follows:
(1)     Whether the court of appeals erred in holding that the recusal judge abused his discretion where the court of appeals attached an additional meaning to the trial judge's statement beyond its plain meaning, even though the recusal judge refused to speculate on other meanings of the trial court's statement.
(2)     Whether the court of appeals erred by failing to consider the totality of the evidence elicited at the recusal hearing, thereby misapplying the appropriate standard of review that required the court of appeals to affirm the recusal judge's ruling if it was within the zone of reasonable disagreement.

bottles in his truck.

Appellant was charged with felony DWI. For various reasons, the case lingered on the district court's docket for many months. After appellant had twice violated his pre-trial bond conditions, as well as changed his mind at a prior plea setting, he requested a second plea setting on June 30, 2008.[3] At that hearing, however, appellant appeared with new counsel and once again changed his mind and decided not to plead. The State then retracted its plea offer, and the trial judge stated, "All right. We're supposed to have a plea here today. It appears that Mr. Gaal does not want to plea. For the record, I will not accept any plea bargain in this matter, unless it's for the maximum term of ten years."

The trial judge reset the bond hearing for July 3rd, but on that date appellant filed a motion to recuse the judge, based on his statement at the aborted plea hearing three days earlier. The trial judge forwarded the motion to the presiding judge of the judicial district to appoint a recusal judge to rule on the motion. On August 1st, the recusal judge conducted a hearing. Appellant argued that the trial judge's statement about refusing to accept any plea bargain for less than the maximum showed that the trial judge had entered into the plea-bargain process, could not be fair and impartial, and had demonstrated an arbitrary refusal

---

[3] Appellant was scheduled to plead guilty on April 7th, but he changed his mind and requested a jury trial. The judge then reset the case for trial on August 19th. But on June 8th, the State filed a second motion to revoke bond after appellant's SCRAM alcohol-detection device alerted to alcohol consumption and an attempt to tamper with the device. The trial judge set the State's motion to revoke bond hearing for July 11th, but, before that date, appellant's original attorney requested another plea setting on June 30th–before the hearing on the motion to revoke bond hearing. Understandably, he wanted his client to plead before his bond was revoked.

to consider the entire range of punishment.

The State explained the lengthy and convoluted history of the case to the recusal judge and told him that appellant was supposed to be entering his guilty plea on June 30th in exchange for a two-year jail sentence.[4]  Instead, appellant appeared with newly retained counsel who were unaware of any time limit for a plea bargain.  Defense counsel explained to the recusal judge what happened next.

> We were then informed that day of court that Mr. Gaal, it would be necessary for him to plea that day or the offer would be removed off the table.  Mr. Gaal requested the Court, off the record, to . . . do a bifurcated plea in which he could plea one day and then come back and have sentencing the next because he is a business owner and would need to place his assets into receivership while he was incarcerated.

---

[4] The prosecutor stated,

. . . State versus Gaal, has been bouncing around this courthouse for some time. It's an older case.  In this particular court it's gone through multiple settings. . . . Part of his conditions of bond, first one, included that he have a vehicle that was outfitted with an ignition interlock device.  There were some results from that instrument that indicated that he had been drinking.  The State and myself, specifically, filed a Motion to Hold Bond Insufficient.  Rather than go through [with] that hearing, [trial counsel] and I agreed to go ahead and put the SCRAM device on the defendant.  Again, we had some issues with the SCRAM device, whether or not it was on properly, whether or not he was making attempts in accordance with the Court's order to be outfitted with this device properly.

Based on those violations, I filed a second Motion to Hold Bond Insufficient and also to revoke his bond if [the trial judge] deemed it necessary. That was the initial motion we were going to hear on the [30th] of June . . .   I was just coming off vacation myself.  While I was on vacation a week prior to that, [trial counsel] got ahold of me and said, Look, I can probably get him to understand the reasons behind taking two years.  If we'd agree to go ahead and do that, we wouldn't have to worry about this bond hearing.  I told [trial counsel], That's fine with the State.  The offer was three, and I'm not going to quibble over a year.  If he wants to take two, we can do that.  So when I rolled back into town in the end of June, that's what I was expecting to do on June 30th, was plea him out.  That's what the Court was expecting.

The trial judge would not agree to postponing the sentencing date, and appellant then refused to plead. With the State's offer off the table, the trial judge made the remark, "I will not accept any plea bargain in this matter, unless it's for the maximum term of ten years."

The recusal judge denied appellant's motion to recuse. He first noted that "the trial judge doesn't have to take a plea bargain." Second, he said that the record did not support a finding that the trial judge's ruling was arbitrary because the case file showed that appellant had had four or five violations registered on his interlock device while he was on bond. He had not stopped drinking and attempting to drive afterwards.[5] The recusal judge stated that the record before him "doesn't support a position that [the trial judge] had some preconceived notion other than what was going on in this case, dealing with this defendant and the defendant's history while the case was going on."

Appellant's jury trial began later in August. He pled guilty to the jury and, after hearing the evidence, the jury sentenced him to ten years confinement. After the trial judge denied his motion for new trial, appellant appealed.

**B.    The direct appeal.**

On appeal, appellant argued, in part, that the recusal judge abused his discretion in

---

[5] Appellant's initial bond conditions required him to install an interlock device in his car and to consume no alcoholic beverages. The interlock report appended to the State's first motion to find bail insufficient showed "4 alcohol fails." Appellant's conditions were then modified to prohibit him from driving altogether and to require him to wear a "SCRAM" device. The SCRAM report attached to the State's second motion to find bail insufficient showed "1 alcohol consumption event" and "1 tamper event."

denying his motion to recuse.  The court of appeals agreed.  It relied on *Norton v. State*[6] and

*Jefferson v. State*[7] for the proposition that the trial judge had "forecasted his inability to

consider the full punishment range" and denied appellant due process when he stated that he

would consider a plea bargain only for the maximum punishment.[8]  The court concluded that

the recusal judge had abused his discretion in denying appellant's motion to recuse.[9]

**II.**

**A.     Recusal law.**

A Texas judge may be removed from presiding over a case for one of three reasons:

he is constitutionally disqualified;[10] he is subject to a statutory strike;[11] or, he is subject to

---

[6] 755 S.W.2d 522, 523-24 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd).  In *Norton*, the trial judge, answering a question about whether he would accept a plea bargain for deferred adjudication, stated, "No, and if the jury gives her probation, I'll give her jail time."  *Id.* at 523.

[7] 803 S.W.2d 470, 471-73 (Tex. App.—Dallas 1991, pet. ref'd).  The trial judge in *Jefferson* told the defendant at a deferred adjudication hearing that if he violated his probation in any way he would give him a "20-year sentence, and he advised the probation man to make a record of it."  *Id.* at 471.

[8] *Gaal*, 2010 WL 323574 at *3.

[9] *Id*.

[10] TEX. CONST. art. 5, § 11.  Three situations have been held to rise to this level under the federal Due Process Clause: 1) when the judge has a financial interest in the case; 2) when the judge had acted as a one-man grand jury to bring charges in the case he is trying; and 3) "when a person with a personal stake in a particular case had a significant and disproportionate influence in placing the judge on the case by raising funds or directing the judge's election campaign when the case was pending or imminent."  *Caperton v. A.T. Massey Coal Co., Inc.*, 129 S.Ct. 2252, 2259-64 (2009).

[11] A party to a civil case has the right to object to a visiting judge sitting on a case by assignment. TEX. GOV'T CODE § 74.053.

statutory disqualification or recusal under Texas Supreme Court rules.[12]  "Generally, a motion to recuse seeks to prevent a judge from hearing a case because of a nonconstitutional reason, while grounds for disqualification are limited to those identified in the constitution."[13] Rule 18b(2) of the Texas Rules of Civil Procedure sets out the law concerning recusal and includes instances in which a judge must step down from hearing a case for reasons other than the disqualifying grounds listed in the constitution.[14] Rule 18b(2) states, in relevant part, that "A judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned; [or] (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"[15]

---

[12] *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding that TEX. R. CIV. P. 18a "applies to criminal cases absent 'any explicit or implicit legislative intent indicating otherwise.'").

[13] 47 TEX. JUR. 3d *Judges* § 70 (2007) (citing *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 559-60 (Tex. App.–Beaumont 1993, writ denied) & *Mosley v. State*, 141 S.W.3d 816, 833 (Tex. App.—Texarkana 2004, pet. ref'd)). TEX. R. CIV. P. 18b(1) deals with disqualification and provides that "Judges shall disqualify themselves in all proceedings in which: (a) they have served as a lawyer in the matter in controversy, or a lawyer with whom they previously practiced law served during such association as a lawyer concerning the matter; or (b) they know that, individually or as a fiduciary, they have an interest in the subject matter in controversy; or (c) either of the parties may be related to them by affinity or consanguinity within the third degree."  These are "irrebuttable" bases for disqualification.  48B Robert P. Schuwerk & Lillian B. Hardwick, TEXAS PRACTICE SERIES: HANDBOOK OF TEXAS LAWYER AND JUDICIAL ETHICS § 40:21 at 742 (2010) ("once the objective fact . . . underlying each [disqualification] basis is demonstrated, the judge is disqualified.").

[14] 47 TEX. JUR. 3d *Judges* § 69 (2007).

[15] TEX. R. CIV. P. 18b(2)(a) & (b).

There is much overlap between these two subsections but, as one commentator has noted, "The first basis for recusal provided by Rule 18b(2)–that a judge's impartiality might reasonably be questioned–appears to be one that parties may use when in doubt as to any more concrete reason why the judge should not preside."[16] As Justice Kennedy has stated, a judge's impartiality might reasonably be questioned "only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute."[17]

Rule 18b(2)(b) is more specific: It covers how the judge feels and what the judge knows.[18] A Texas court has held, for instance, that a trial judge's feeling of personal bias was evidenced by ex-parte communications with the prosecutor that had the "trial court providing guidance to the prosecutor on the presentation of his case and discussions regarding the trial court's initial ruling regarding [the defendant's] ongoing request for an interpreter."[19] A clear instance of "personal knowledge of disputed evidentiary facts"

---

[16] Schuwerk & Hardwick, *supra*, note 13 § 40:23 at 750; *see also Ludlow v. DeBerry*, 959 S.W.2d 265, 282 (Tex. App.—Houston [14 Dist.]1997, no writ) ("Rule 18b(2)(a) provides a broad ground, regarding reasonable questions as to the judge's impartiality. This broad ground may encompass actions other than those specifically enumerated in sections (b)-(g).").

[17] *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring).

[18] Schuwerk & Hardwick, *supra*, note 13 § 40:35 at 817.

[19] *Abdygapparova v. State*, 243 S.W.3d 191, 208-10 (Tex.App.—San Antonio 2007, pet. ref'd) (ex-parte communications "extended beyond the realm of courtroom administration and etiquette, for which the trial judge has control, and became strong evidence of bias and partiality"; communications suggested, "at a minimum, a 'chumminess' between the prosecutor and the trial court from which the jury could interpret that the trial court was 'taking sides.'"). *But see Wesbrook v. State*, 29 S.W.3d 103, 120-21 (Tex. Crim. App. 2000) (trial judge's pretrial

requiring recusal arose in one unpublished case where, in a suppression hearing, the trial

judge interrupted and announced that he himself had observed the conduct that led to the

defendant's initial detention.[20]  Generally, though, recusal is not required when based solely

on judicial rulings, remarks, or actions.  These acts

> almost never constitute a valid basis for a bias or partiality motion.  In and of
> themselves . . . , they cannot possibly show reliance upon an extrajudicial
> source; and can only in the rarest circumstances evidence the degree of
> favoritism or antagonism required . . . when no extrajudicial source is
> involved. Almost invariably, they are proper grounds for appeal, not for
> recusal.  Second, opinions formed by the judge on the basis of facts introduced
> or events occurring in the course of the current proceedings, or of prior
> proceedings, do not constitute a basis for a bias or partiality motion unless they
> display a deep-seated favoritism or antagonism that would make fair judgment
> impossible.[21]

Thus, a judge's remarks during trial that are critical, disapproving, or hostile to counsel, the

parties, or their cases, usually will not support a bias or partiality challenge, although they

---

ex-parte meetings with prosecutors concerning the ongoing solicitation investigations involving
appellant did not require disqualification as a matter of due process).

[20] *Gentry v. State*, No. 06-05-00237-CR, 2006 WL 932057 (Tex. App.—Texarkana April
12, 2006, no pet.) (not designated for publication) (counsel suggested judge should recuse
himself; judge was altogether disqualified).  The trial judge stated,
> You can stop. Because I'm going to be honest with you, I remember this day. I
> live on that road. This Motion is going to be denied because I'm one of them that
> almost hit them. I'm going to deny this Motion to Suppress. I'm not so sure that I
> wasn't one of them who called Officer Dreesen to be honest with you. I remember
> this day and I remember the situation. I'm going to deny the Defendant's Motion
> today; it's not going to be granted.
> . . . .
> Like I say, I've got firsthand knowledge of the situation . . .  and I believe he has
> the right to do this [search the defendant].
*Id.* at *1.

[21] *Liteky v. United States*,  510 U.S. 540, 555 (1994) (internal cite omitted).

*may* do so if they reveal an opinion based on extrajudicial information, and they *will* require recusal if they reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible."[22] On the other hand, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women" may display, do not establish bias or partiality.[23] Thus, a trial judge's ordinary efforts at courtroom administration do not render him subject to recusal.[24] Although intemperate

---

[22] *Id.* The four-justice concurrence in *Liteky* rejected the "impossibility of a fair judgment" test as bearing "little resemblance" to the objective standard–whether the judge's "impartiality might reasonably be questioned"–set out in the federal recusal statute. *Id.* at 563-64 (Kennedy, J., concurring). "There are bound to be circumstances where a judge's demeanor or attitude would raise reasonable questions concerning impartiality but would not devolve to the point where one would think fair judgment impossible." *Id.* at 564 (Kennedy, J., concurring).

[23] *Id.* at 555-56.

[24] *Id.* at 556. For example, calling the defendant a "thoroughly corrupt police officer" did not meet the recusal threshold when the trial judge had ample evidence of the defendant's conduct on which to base his comment. *United States v Pulido*, 566 F.3d 52, 62-63 (1st Cir. 2009) ("This is not a close case. . . . Here, the district court had the benefit of the West trial, which discussed Pulido's criminal activities extensively, the guilty pleas of Pulido's co-defendants, Pizarro and Carrasquillo, the three days of Pulido's interrupted trial, and Pulido's own change of plea colloquy, to support its statement that he was a 'thoroughly corrupt police officer.'"), *cert. denied*, 131 S.Ct. 632 (2010). *See Rocha v. State Bar of Texas*, No. 04-95-00158-CV, 1996 WL 364823 *2 (Tex. App.—San Antonio July 03, 1996, writ denied) (not designated for publication) ("Although we do not condone a trial judge's reference to a litigant as a troublemaker, we conclude [the recusal judge] exercised proper discretion in denying the motion to recuse.").

Similarly, telling "dismissed jurors they had delivered 'the worst verdict that he had heard in eight and a half years,'" did not meet the recusal standard, at least not where the statement emanates from the judge's opinion based on his perception of the evidence presented. *See Ludlow v. DeBerry*, 959 S.W.2d 265, 269-71 (Tex. App.—Houston [14th Dist.] 1997, no writ) (not an abuse of discretion for recusal judge to deny Ludlow's motion to recuse; "Although we do not condone [the trial judge's] outbursts, all of the actions complained about by Ludlow arose during the pendency of the trial court proceedings. None of the actions by [the trial judge] indicate such a 'high degree of favoritism or antagonism as to make fair judgment impossible.'") (quoting *Liteky*, 510 U.S. at 555).

remarks may well violate a rule of judicial conduct, such a violation does not necessarily mean that the judge should be recused.[25]

Recusal has been required, however, when a trial judge revoked a defendant's bond and put him in jail solely because he decided to invoke his right to a jury trial,[26] or when a trial judge arbitrarily, without any evidence before him, refused to consider a portion of the

---

[25] *Wesbrook v.* State, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000). *See* TEX. CODE JUD. CONDUCT, Canon 3, reprinted in TEX. GOV'T CODE, tit., 2, subtit. G, app. B ("(4) A judge shall be patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity, and should require similar conduct of lawyers, and of staff, court officials and others subject to the judge's direction and control.").

[26] In *Kniatt v. State*, 239 S.W.3d 910, 911 (Tex. App.—Waco 2007, order) (per curiam), *disp. on merits*, 255 S.W.3d 311 (Tex. App.—Waco 2008, no pet.) (per curiam), the trial judge had stated,

> State versus Nathan Kniatt set for trial Monday morning. As I understand from the attorneys they thought they had a plea agreement. In fact they had a plea agreement, and today the defendant has reneged on that, doesn't want the agreement. I've also been informed he wants to fire the lawyer. All that's okay with me. I'll take all this up. Defendant's bond is revoked. He's going to jail pending trial. Have a seat over there, sir. We'll set your trial when we get around to it.

A recusal judge ultimately agreed with Kniatt that, a reasonable person might question the trial judge's impartiality.

> A reasonable member of the public at large, witnessing [the trial judge's] words and acts on December 7, 2001, and knowing all the facts in the public domain concerning the judge and the case, would have reasonably believed he revoked Mr. Kniatt's bond and incarcerated him either to punish him for not pleading guilty or to intimidate and coerce him into an involuntary plea of guilty, and would have caused such person to reasonably question, and to have a reasonable doubt about, [the trial judge's] impartiality and objectivity towards Mr. Kniatt in a subsequent hearing . . . .

Schuwerk & Hardwick, *supra* note 13, § 40:26 at 770 (quoting Findings of Fact and Conclusions of Law, *State v. Kniatt*, No. 25704-CR (40th Dist. Ct., Ellis County, Tex. Jan. 20, 2008)); *Kniatt v. State*, 255 S.W.3d 311, 312 (Tex. App.—Waco 2008, pet. ref'd) (vacating order denying writ of habeas corpus on the voluntariness of the plea and remanding the cause to another trial judge for a new hearing on appellant's motion to recuse).

range of punishment.[27]   Recusal of the trial judge in a criminal trial was also proper under

the reasonable-person standard where the trial judge's remarks evidenced "a degree of anger

and hostility toward the government that is in excess of any provocation that we can find in

the record,"[28] or a personal prejudice against the defendant for successfully appealing his

conviction on the basis of the judge's actions during a prior trial.[29]

## B.    The standard of review.

An appellate court reviews an order denying a motion to recuse under an abuse of

discretion standard.[30] An appellate court should not reverse a recusal judge whose ruling on

---

[27] *See Ex parte Brown*, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (a trial court's arbitrary refusal to consider the entire range of punishment in a particular case violates due process).

[28] *In re United States*, 614 F.3d 661, 665-66 (7th Cir. 2010) ("When the government filed its initial interlocutory appeal, the district judge without adequate grounds accused the government of appealing for the sole purpose of delaying the trial, and implied, again without basis in the record, that the government had acted in bad faith by not complying with the judge's discovery order. After the trial began, he told the jury that the government was responsible for the numerous delays in the case and he threatened to tell the jury that it 'should consider the case based upon everything that has happened in the courtroom, presented in the courtroom, including the delays that have taken place.' No reasonable person would fail to perceive a significant risk that the judge's rulings in the case might be influenced by his unreasonable fury toward the prosecutors."), *petition for cert. filed*, 54 U.S.L.W. 3146 (Oct. 28, 2010) (No. 10-590).

[29] *United States v. Holland*, 655 F.2d 44, 45 (5th Cir. 1981) (trial "judge commented on his belief that Holland had 'broken faith' with the court at his first trial by consenting to the judge visiting the jury room but then raising the issue on appeal. . . .  The judge then stated for the record that he intended to increase Holland's sentence because of the incident which he had described.").

[30] *Wesbrook v. State*, 29 S.W.3d 103, 120-21 (Tex. Crim. App. 2000); *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992); TEX. R. CIV. P. 18a(f) ("If the motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case.").

the motion was within the zone of reasonable disagreement.[31]   In its abuse-of-discretion review, an appellate court considers the totality of the evidence and information elicited at the recusal hearing to see if the record reveals sufficient evidence to support the recusal judge's ruling that the trial judge was unbiased.[32]  With these guiding principles in mind, we turn to the present case.

**III.**

**A.     This court has jurisdiction to consider the State's petition.**

Appellant raises a threshold issue.  He argues that we do not have jurisdiction to "review" the court of appeals's decision that "granted" appellant's motion to recuse because Rule 18a(f) of the Texas Rules of Civil Procedure forecloses any method by which this Court's jurisdiction can be invoked.   Rule 18a(f) provides

> If the [recusal] motion is denied, it may be reviewed for abuse of discretion on appeal from the final judgment. If the motion is granted, the order shall not be reviewable, and the presiding judge shall assign another judge to sit in the case.[33]

But the court of appeals did not grant or deny appellant's motion to recuse; that was the job of the recusal judge.  The court of appeals found that the recusal judge abused his discretion,

---

[31] *Wesbrook,* 29 S.W.3d at 120-21; *Kemp*, 846 S.W.2d at 306.

[32] *Kemp*, 846 S.W.2d at 306 ("[A]n appellate court should not reverse a trial judge whose ruling on the [recusal] motion was within the zone of reasonable disagreement. . . . In undertaking an abuse of discretion analysis, we consider the totality of the evidence elicited at the disqualification hearing.").

[33] TEX. R. CIV. P. 18a(f).

but that is not the same as ruling on the motion itself.  Appellant asserts that a failure to

define the mandate of the court of appeals as an "order" within the meaning of Rule 18a(f)

frustrates the rationale for the non-reviewability rule–that an order granting a motion to

recuse "should not be reviewable at any stage" since the litigants cannot be "harmed by

having a case proceed before a judge who is qualified to hear it."[34]  Appellant quotes

testimony before the Texas Supreme Court Advisory Committee:

> If the motion is granted, it is not a reviewable motion, the way the rule is
> drafted, because what harm can come from having a trial by a fair judge, even
> though it's not the fair judge you want.  If it's granted, I mean if the motion is
> granted, it's not reviewable.  If it's denied, it is reviewable, but only on appeal
> from the final judgment; not on an interlocutory basis.[35]

In this case, the recusal judge denied the motion, so appellant sought review on appeal from

the final judgment.  The court of appeals reviewed that denial.  And if the court of appeals

could review it, so can this Court.[36]  Further, while litigants are not harmed by proceeding

before another judge when a recusal decision is made before trial, the party prevailing at trial

would be harmed by having to start its case all over before another judge when the recusal

judge is reversed on appeal after a full trial.  We conclude that the non-reviewability doctrine

---

[34] 13D Wright, Miller, Cooper & Freer, FEDERAL PRACTICE AND PROCEDURE § 3552 at 146 (3d ed. 2008).

[35] Appellant's Brief on the Merits at 8 (quoting Minutes, *Advisory Committee for the Supreme Court of Texas*, 204 ("November 16-17, 1979")).

[36] TEX. R. APP. P. 66.1 ("The Court of Criminal Appeals may review a court of appeals' decision in a criminal case on its own initiative under Rule 67 or on the petition of a party under Rule 68.").

of Rule 18a(f) applies only when the recusal motion is granted at the trial-court level, not

when the recusal judge's denial of the motion is reversed on direct appeal. Thus, the decision

by the court of appeals is subject to our review.[37]

**B.    The recusal judge's denial of the motion to recuse was within the zone of reasonable disagreement.**

As noted above, the court of appeals relied on *Norton v. State*,[38] and *Jefferson v.*

*State*,[39] when it held that the trial judge's remark concerning a future plea bargain denied

appellant due process.[40]  But the trial judges' comments in those cases promised, under

certain circumstances, jail time in one instance, and a 20-year sentence in the other. As the

State points out, the judges "unequivocally told the parties what the punishment would

actually be. No interpretation or expansion of the judges' words in those cases was necessary

to forecast an inability to consider the full range of punishment."[41]  Two things–both

recognized by the recusal judge–distinguish the present case from those two cases.

First, the trial judge in this case gave no indication as to what sentence he would or

would not impose at a punishment hearing.  He stated only that he would not accept a *plea*

*bargain* unless for the maximum term of ten years.  And, as the recusal judge stated, "unless

---

[37] *Id.*

[38] 755 S.W.2d 522 (Tex. App.—Houston [1st Dist] 1988, pet. ref'd).

[39] 803 S.W.2d 470 (Tex. App.—Dallas 1991, pet. ref'd).

[40] *Gaal*, 2010 WL 323574 at *3.

[41] State's Brief on the Merits at 7.

they've changed the law . . . the trial judge doesn't have to take a plea bargain."  The law has

not changed.  A "trial judge may in every case or in any particular case refuse to allow plea

bargaining . . . .  The defendant does not have an absolute right to enter into a plea bargain."[42]

As the Fourth Circuit put it,

> To be sure, in order to preserve the effectiveness of the plea bargaining system,
> courts usually will adopt most or all of the recommendations in a non-binding
> plea agreement. Defendants enjoy no entitlement, however: plea bargains
> impose obligations on the prosecution, not the courts. Thus, it cannot be an
> abuse of discretion to deny a recusal motion predicated on the district court's
> rejection of a plea agreement.[43]

The court of appeals noted a trial judge's right to refuse any plea bargain, but held that it

> strains reason to believe that under the circumstances of this case-in which the
> trial judge reacted against Gaal by foreclosing a plea bargain for all but the
> maximum term specifically because he chose *not* to plead guilty–the judge
> would have assessed less than the maximum term if Gaal had nonetheless pled
> guilty without a plea bargain before the judge at trial.[44]

We disagree based on this record, the entire history of the case, and the information that both

the trial judge and the recusal judge had before them.  The trial judge's comments could quite

logically and reasonably have been a short-hand rendition of a statement that it was time for

the defendant to quit shilly-shallying because he had twice rejected favorable plea

bargains–one the minimum possible jail time–and was continuing to drink in violation of his

---

[42] *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978).

[43] *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995) (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

[44] *Gaal*, 2010 WL 323574 at *4 (footnote omitted).

bond conditions. Thus, the trial judge would not encourage further delay for more plea bargaining (after all, who is going to accept a plea bargain for the "maximum"?); it was time to try this case as soon as possible. The trial judge never intimated, nor is there anything in the record that would logically support a finding, that he would not fairly consider the entire range of punishment at trial. His comment, taken in light of the totality of the circumstances, is more logically construed as an expression of impatience with a defendant who reneges on his agreements to plead and to abide by the DWI bond conditions. A reasonable person, based on the totality of the circumstances, would translate the judge's statement as, "I'm not going to reset this case for any more plea negotiations; we're going to trial." That statement does not suggest that the trial judge's impartiality might reasonably be questioned, and it is not a basis for recusal.[45]

Second, this is the apparent conclusion that the recusal judge made based on his assessment of the record. The recusal judge, who had taken judicial notice of the file and of the transcript of the June 30th hearing, noted,

> Quite frankly, Counsel, looking at this file and what the Judge said on the record, it doesn't support a position that he had some preconceived notion other than what was going on in this case, dealing with this defendant and the defendant's history while the case was going on.

That is, the judge's remark was based on "facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," which "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that

---

[45] *See Gordon*, 61 F.3d at 267.

would make fair judgment impossible."[46]  And here, they do not.  The trial judge, perhaps

inarticulately, cut off plea bargaining.  But he gave no indication about what sentence he

might impose at any punishment hearing.  And the recusal judge, quite appropriately, refused

to speculate beyond the record before him.

> Well, the thing about the statement of facts that you've given me, it really doesn't give any indication of what was going through [the trial judge's] mind.  Everything you've told me is basically your take on what you thought he was thinking.  And then I'm–what I have to deal with is could there have been any other reasons, other than the reason you've stated [that it was an arbitrary and preconceived mindset], for the judge saying what he said . . . And fortunately you've helped me because you asked me to take judicial notice of the Court's file and I did.

Appellant sees this remark as encompassing a legal mistake–a reliance on a subjective

standard.  Appellant is correct that a party moving for recusal does not have to prove what

is going through the trial judge's mind: he does not have to prove "actual bias."[47]  Under

Rule 18(b)(2)(a), showing that the trial judge's "impartiality might reasonably be questioned"

suffices.  Rule 18(b)(2)(b) covers actual bias–"a personal bias or prejudice."  The recusal

judge's remark, in context, was simply that there is nothing in the record to rebut the natural

inference that the trial judge's statement was based on appellant's pre-trial behavior–as

---

[46] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[47] *See U.S. v. Couch*, 896 F.2d 78, 81 (5th Cir. 1990) ("As this and several other circuits have recognized, section 455 [requiring disqualification where "impartiality might reasonably be questioned"] establishes a statutory disqualification standard more demanding than that required by the Due Process Clause.").

reflected in the Court's file.  The file contained evidence of delaying tactics and continued criminality on bond–an objectively reasonable basis to not consider a plea bargain.   It was appellant who speculated about what was going through the judge's mind and read more into his statement than it fairly conveys.

Appellant also asserts that the recusal judge relied on the extra-judicial source doctrine.  At the recusal hearing, the recusal judge stated,

> And under the rules of the case law involving recusals, while a bias or prejudice is not something that a judge should have, it is permitted as long as it's not extra-judicial.  Meaning, if it's a biased position or an attitude based upon what is going on in the case he's dealing with, that's okay.

As appellant notes, in *Liteky,* the Supreme Court narrowed the "extrajudicial source" rule–which was used to disregard any and all judicial bias or partiality derived from opinions formed by the judge on the basis of facts introduced or events occurring in the course of the proceedings.[48]  In fact, such bias or partiality may be grounds for a recusal motion, but only if it displays "a deep-seated favoritism or antagonism that would make fair judgment impossible."[49]  And there was no such showing in this case.

---

[48] *Liteky,* 510 U.S. at 551 ("It is wrong in theory . . .  to suggest, as many opinions have, that 'extrajudicial source' is the *only* basis for establishing disqualifying bias or prejudice. It is the only *common* basis, but not the exclusive one, since it is not the *exclusive* reason a predisposition can be wrongful or inappropriate. A favorable or unfavorable predisposition can also deserve to be characterized as 'bias' or 'prejudice' because, even though it springs from the facts adduced or the events occurring at trial, it is so extreme as to display clear inability to render fair judgment.").  Although our 1992 decision in *Kemp* quoted an earlier Supreme Court decision that had stated that *only* "extrajudicial sources" of bias or prejudice may serve as a basis for disqualification or recusal, it was superceded by the 1994 *Liteky* decision.

[49] *Id.* at 555.

## C.     Conclusion.

Because the trial judge's remark went only to plea bargaining and was supported by facts introduced or events occurring in the course of the proceedings, the recusal judge did not abuse his discretion in denying appellant's motion to recuse.  We reverse the court of appeals and remand the case to that court to consider appellant's remaining issues.[50]

Delivered: March 2, 2011
Publish

---

[50] *Gaal,* 2010 WL 323574 at *4 ("Having sustained his fourth point, we will not address his first three points.").