**Affirmed and Opinion filed December 1, 2011.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-11-00017-CR
_____

**ADRIEN DELACOROZO RHODES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1595191**

## O P I N I O N

Appellant, Adrien Delacorozo Rhodes, appeals her conviction for driving while intoxicated (DWI). After her motion to recuse and other pre-trial motions were denied, appellant pleaded guilty. The trial judge then sentenced her to three days' confinement in jail and a $500 fine and ordered her driver's license suspended for one year. On appeal, appellant contends that the presiding judge of the administrative district abused his discretion by denying the motion to recuse the trial judge. We affirm.

*Background*

Appellant was charged by information with misdemeanor DWI. She filed a motion to recuse asserting that the impartiality of the trial judge, William Harmon of Harris County Criminal Court at Law No. 2, might reasonably be questioned because he had a personal bias or prejudice against the Direct Intervention Using Voluntary Education Restitution and Treatment (DIVERT) Program created by the Harris County District Attorney's Office for first-time, misdemeanor DWI offenders. Judge Harmon referred action on the motion to Judge Olen Underwood, presiding judge of the Second Administrative Judicial Region. After an evidentiary hearing, Judge Underwood denied the motion to recuse.[1] It is this ruling that appellant challenges on appeal.

At the recusal hearing, Melissa Munoz, an assistant Harris County district attorney, testified that she was assigned to the DIVERT Program. She generally explained the purpose and requirements of the program and stated that the district attorney's office makes the preliminary determination of whether a particular defendant is an acceptable candidate for the program. She further stated that appellant was eligible for entry into the program. Once a defendant is offered entry into the program, an agreement is "custom tailored" for that defendant. A sample agreement or "packet" was offered into evidence. In the packet, it is explained that the DIVERT Program was created under authority of section 76.011 of the Texas Government Code and that fees for the program are collected in accordance with section 102.012 of the Texas Code of Criminal Procedure. Tex. Crim. Proc. Code § 102.012; Tex. Gov't Code § 76.011.

According to Munoz, one requirement of the program is a guilty plea pursuant to a plea agreement. Under the terms of the plea agreement, the defendant accepts 30 days' confinement and a $750 fine should he or she fail to successfully complete the DIVERT

---

[1] For purposes of the recusal hearing, Judge Underwood consolidated four separate motions for recusal from four separate cases involving four different defendants. On-the-record discussions during the hearing indicate that the arguments in all four motions, including the one at issue in this appeal, were substantially similar.

Program requirements.[2]  Also under the plea agreement, the defendant reserves the right to withdraw his or her guilty plea should the trial judge decline to accept or follow the plea agreement.  As with all plea agreements, entry into the DIVERT Program would require approval of the trial judge in whose court the DWI charge was filed.

Munoz further testified that of the fifteen county criminal courts of law in Harris County, only one, Judge Harmon's Court No. 2, was not considering candidates for entry into the DIVERT Program.  Based on her interaction with that court, Munoz understood that Judge Harmon had taken the position that he would not even consider approving candidates for entry into the program.  She said that the Harris County District Attorney's Office was even advising alleged first-time DWI offenders that Judge Harmon would not consider them for the program.

David Singer testified at the hearing that he is a criminal law attorney in Harris County and has significant experience appearing before Judge Harmon.  Singer further said that he had discussed the DIVERT Program "many times" with Judge Harmon. Based on those discussions, Singer understood that Judge Harmon would not allow anyone in his court to be placed in the DIVERT Program because he did not wish to reset cases for the time necessary to complete the program.  Further according to Singer, Judge Harmon also believed that it should not be the policy of the district attorney's office to permit all first-time DWI offenders to enter the DIVERT Program.  Although defense counsel requested that Judge Harmon be called to testify, Judge Underwood denied the request.  As previously indicated, Judge Underwood denied the motion to recuse.

Judge Harmon subsequently held a hearing regarding appellant's candidacy for the DIVERT Program.  During the hearing, Judge Harmon made it clear that he would not

---

[2] A sample guilty plea and plea agreement was included in the DIVERT Program packet entered into the record, and Munoz testified regarding its contents.

3

approve of any DIVERT Program agreement under any circumstances because he believed that it was bad public policy to place DWI defendants in the program.[3]

*Standards of Review*

A Texas judge may be removed from a case if he or she is (1) constitutionally disqualified, (2) subject to a statutory strike, (3) subject to statutory disqualification, or (4) subject to recusal under rules promulgated by the Texas Supreme Court. *Gaal v. State*, 332 S.W.3d 448, 452 (Tex. Crim. App. 2011). Rule 18b(2) of the Texas Rules of Civil Procedure sets forth the law specifically pertaining to recusal of judges, including recusals in criminal proceedings. Tex. R. Civ. P. 18b(2); *Gaal*, 332 S.W.3d at 452-53 & n.12. It states in relevant part: "A judge shall recuse himself in any proceeding in which: (a) his impartiality might reasonably be questioned; [or] (b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding . . . ." Tex. R. Civ. P. 18b(2). Subsection (a) generally applies only when it appears that the judge "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal*, 332 S.W.3d at 453 (quoting *Liteky v. United States*, 510 U.S. 540, 558 (1994) (Kennedy, J., concurring)). Subsection (b) more specifically addresses what the judge knows and feels. *Id.*

Recusal is generally not required purely on the basis of judicial rulings, remarks, or actions, as they would not on their own typically "evidence the degree of favoritism or antagonism required"; these will usually be grounds for reversal if in error, but not for recusal. *Id.* at 454 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). On the other hand, recusal is appropriate if the facts are such that a reasonable person would

---

[3] Appellant asserts that we can consider Judge Harmon's comments at the DIVERT hearing because appellant re-urged her Motion to Recuse during the hearing. However, whether we consider the comments or not would not change the analysis or outcome in this opinion. Although not raised as an appellate issue, appellant also suggests in her argument that Judge Underwood erred in refusing to permit Judge Harmon to be called to testify. Again, even if Judge Harmon had been called to testify, and had testified as appellant suggests he would have (giving his position that he would not place any DWI defendant in the DIVERT Program), it would not change the analysis or outcome in this opinion. Consequently, we need make no rulings on these contentions.

4

harbor doubts as to the impartiality of the trial judge. *Kemp v. State*, 846 S.W.2d 289, 305 (Tex. Crim. App. 1992).

We review an order denying a motion to recuse under an abuse of discretion standard, affirming so long as the ruling on the motion is within the zone of reasonable disagreement. *Gaal*, 332 S.W.3d at 456. We consider the totality of the evidence and information presented at the recusal hearing to see if the record reveals sufficient evidence to support the conclusion that the trial judge was unbiased. *Id*.

*Discussion*

Succinctly phrased, appellant contends that Judge Harmon's refusal to even consider assigning any alleged first-time DWI offender to the DIVERT Program evidences a personal bias or prejudice against first-time DWI offenders, such that his impartiality might be reasonably questioned.[4] However, nothing in the record indicates that Judge Harmon held any particular or general antagonism toward first-time DWI defendants. To the contrary, the record consistently demonstrates that Judge Harmon disagreed with the public policy behind the DIVERT Program and its administration by the Harris County District Attorney's Office.

Appellant also argues that Judge Harmon's refusal to even consider her application for the DIVERT Program deprived her of consideration of the full range of punishment options. The DIVERT Program, however, is not a part of the range of punishment for first-time DWI offenders. *See* Tex. Penal Code §§ 12.22 (governing Class B misdemeanors); 49.04 (criminalizing DWI). As explained by Assistant District Attorney Munoz at the recusal hearing, and confirmed by the documentary evidence, entry into the DIVERT Program is a diversion from punishment as part of a plea bargain agreement. In *Gaal*, the Court of Criminal Appeals explained that a "trial judge may in every case or in any particular case refuse to allow plea bargaining . . . . The defendant

---

[4] Appellant's argument meshes to some extent the standards set forth in subsections (a) and (b) of Rule 18b(2). There is indeed considerable overlap between these two subsections. *See Gaal*, 332 S.W.3d at 453.

does not have an absolute right to enter into a plea bargain." 332 S.W.3d at 457 (quoting *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978)).

Appellant attempts to distinguish *Gaal* by suggesting that the court's decision is limited to unique facts. However, what cannot be ignored in *Gaal*, and prior precedent, is that a trial judge has discretion to reject any particular plea agreement or all plea agreements. *Id.* Therefore, in the absence of other evidence, a trial judge's simple rejection of a plea agreement, even if the decision implicates an entire class of cases without regard to the merits of any particular case, would not be sufficient evidence of bias or partiality to necessitate recusal. In other words, evidence that Judge Harmon does not approve of plea agreements that include assignment of DWI offenders to the DIVERT Program does not, without more, establish that he should have been recused. Consequently, Judge Underwood did not abuse his discretion in denying the motion to recuse. We overrule appellant's challenge.

We affirm the trial court's judgment.


/s/    Martha Hill Jamison
       Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Publish — TEX. R. APP. P. 47.2(b).

6