**Affirmed and Memorandum Opinion filed December 15, 2011.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00018-CR

**DARIUS KICHOI MWALILI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1597054**

## MEMORANDUM OPINION

Appellant Darius Kichoi Mwalili appeals his conviction for driving while intoxicated on his plea of guilty. The trial court sentenced appellant to three days in jail, imposed a $1,000 fine, and ordered his driver's license suspended for one year. In this appeal, appellant contends that the presiding administrative judge abused his discretion by (1) denying his motion to recuse the trial judge; and (2) quashing the subpoena and prohibiting the trial judge from testifying at the hearing on the recusal motion. We affirm.

**BACKGROUND**

The State charged appellant by information with the class B misdemeanor of driving while intoxicated (DWI). Appellant requested entry into the Harris County District Attorney's Office's Direct Intervention Using Voluntary Education Restitution and Treatment Program (DIVERT). DIVERT is a pretrial intervention or diversion program for defendants charge with first-offense DWI. Appellant filed a motion to recuse the Honorable William Harmon of Harris County Criminal Court at Law No. 2, asserting that Judge Harmon had a personal bias against the DIVERT program and he would not agree to sign off on the entry of any first-offender into the program, unlike the other fourteen Harris County criminal courts at law. Judge Harmon denied appellant's motion to recuse and referred it to the Honorable Olen Underwood, the presiding judge of the Second Administrative Judicial Region. Judge Underwood held an evidentiary hearing on the motion to recuse. A subpoena was issued to Judge Harmon to testify about his position regarding the DIVERT program. Although Judge Harmon appeared, Judge Underwood sua sponte quashed the subpoena because it was not proven that the information could not be provided by any other source.

Melissa Munoz, a Harris County assistant district attorney assigned to the DIVERT program, testified about the program. The Harris County District Attorney's Office preliminarily accepts a defendant into the DIVERT program. The Divert program requires that the defendant sign a guilty-plea form. The plea agreement is presented to the trial court for approval. If the defendant successfully completes the DIVERT program, the State will move to dismiss the case. If the defendant does not successfully complete the program, his or her guilt will be adjudicated. Of the fifteen Harris County criminal courts at law, only Judge Harmon of County Court at Law No. 2 refuses to consider the plea option under the DIVERT program.

Criminal defense attorney David Singer testified that he has discussed the DIVERT program with Judge Harmon on many occasions. Singer explained that Judge

Harmon does not "agree with the notion that all first-offender DWI's should be put into a DIVERT program. . . . As a matter of public policy, that that shouldn't be the policy of the district attorney's office to grant first offender DWI's across the board ability to get DIVERT." At the end of the hearing, Judge Underwood denied appellant's motion to recuse.[1]

Appellant subsequently pleaded guilty to DWI without a recommendation, and the trial court assessed punishment at 3 days in jail with two days credit, a $1,000 fine, and suspension of his license for one year. In this appeal, appellant claims that Judge Underwood abused his discretion by denying his motion to recuse and sua sponte quashing the subpoena and prohibiting Judge Harmon from testifying at the hearing.

## ANALYSIS

A Texas judge may be removed from presiding over a case because he or she is (1) constitutionally disqualified; (2) subject to a statutory strike; or (3) subject to statutory disqualification or recusal under Texas Supreme Court Rules. *Gaal v. State*, 332 S.W.3d 448, 452 (Tex. Crim. App. 2011). Rule 18b(2) of the Texas Rules of Civil Procedure sets out the law concerning recusal and includes instances in which a judge must step down from hearing a case for reasons other than the disqualifying grounds listed in the constitution.[2] *Id.* at 453. As relevant to this appeal, Rule 18b(2) provides:

A judge shall recuse himself in any proceeding in which:

(a) his impartiality might reasonably be questioned;

---

[1] The recusal hearing involved three other defendants, including Adrien Delacorozo Rhodes. Rhodes appealed her DWI conviction to this court, challenging Judge Underwood's denial of her motion to recuse Judge Harmon. *See Rhodes v. State*, No. 14-11-00017-CR, — S.W.3d —, 2011 WL 5999021 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no. pet. h.).

[2] The Texas Court of Criminal Appeals has previously held that the recusal procedures set forth in Rule 18a apply to criminal cases. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding); *Arnold v. State*, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993)

3

(b) he has a personal bias or prejudice concerning the subject matter or a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

TEX. R. CIV. P. 18b(2)(a), (b).

We review an order denying a motion to recuse for an abuse of discretion. *Westbrook v. State*, 29 S.W.3d 103, 121 (Tex. Crim. App. 2000); *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992). An appellate court should not reverse a trial judge whose ruling on the motion was within the zone of reasonable disagreement. *Westbrook*, 29 S.W.3d at 121; *Kemp*, 846 S.W.2d at 306. In reviewing the denial of the motion to recuse, we consider "the totality of the evidence and information elicited at the recusal hearing to see if the record reveals sufficient evidence to support the recusal judge's ruling that the trial judge was unbiased." *Gaal*, 332 S.W.3d at 456; *see also Abdygapparova v. State*, 243 S.W.3d 191, 199 (Tex. App.—San Antonio 2007, pet. ref'd) ("[I]n determining whether the presiding judge erred in denying the motion to recuse, we are bound by the evidence before the presiding judge at the time of the hearing on the motion.").[3]

In his first issue, appellant argues Judge Harmon was the only source that could adequately explain his personal and philosophical bias against the DIVERT program. In his second issue, appellant argues that Judge Harmon's antagonism toward the DIVERT program creates a reasonable doubt as to his impartiality, and his refusal to consider the DIVERT program's plea option denies appellant due process.

The Court of Criminal Appeals recently reaffirmed that "[a] 'trial judge may in every case or in any particular case refuse to allow plea bargaining. . . . The defendant does not have an absolute right to enter into a plea bargain.'" *Gaal*, 332 S.W.3d at 457 (quoting *Morano v. State*, 572 S.W.2d 550, 551 (Tex. Crim. App. 1978)). "'Thus, it cannot be an abuse of discretion to deny a recusal motion predicated on the district

_____

[3] In a subsequent hearing, Judge Harmon explained his reasons for not approving DIVERT plea agreements.

court's rejection of a plea agreement.'" *Id.* at 457–58 (quoting *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995)).

Here, Judge Harmon has the discretion to reject DIVERT plea agreements. Appellant complains that any first-time DWI offender in Judge Harmon's court is precluded from entering in a DIVERT plea agreement, while such offenders in the other Harris County criminal county courts have such an option available to them. To order the recusal of Judge Harmon, who has full discretion to accept or reject any plea bargain, on the basis that it was appellant's bad luck-of-the-draw to be in Judge Harmon's court would eviscerate that well-established discretion. This court recently rejected a similar argument. *See Rhodes*, 2011 WL 5999021, at *3 ("[I]n the absence of other evidence, a trial judge's simple rejection of a plea agreement, even if the decision implicates an entire class of cases without regard to the merits of any particular case, would not be sufficient evidence of bias or partiality to necessitate recusal. In other words, evidence that Judge Harmon does not approve of plea agreements that include assignment of DWI offenders to the DIVERT Program does not, without more, establish the he should have been recused."). Judge Harmon's testimony concerning his rationale for not approve DIVERT plea agreements would not change this result.

We conclude that Judge Underwood did not abuse his discretion by denying the motion to recuse or quashing the subpoena and overrule both of appellant's issues.

Accordingly, we affirm the trial court's judgment.

/s/        Sharon McCally
                Justice

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).