**Opinion issued December 16, 2014**



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-13-00851-CR

————————————

**ERIK SANTANA GUANCHE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 7**
**Harris County, Texas**
**Trial Court Case No. 1869024**

---

### MEMORANDUM OPINION

Pursuant to a plea agreement with the State, appellant Erik Santana Guanche

pleaded guilty to a Class B misdemeanor DWI as a first offender. *See* TEX. PENAL

CODE ANN. § 49.04 (West Supp. 2014). In accordance with the terms of the plea

bargain, the trial court sentenced Guanche to 15 days in the Harris County Jail with

4 days' credit and imposed a $500 fine. The trial court certified that this is a plea bargain case, but that matters were raised by written motion filed and ruled on before trial from which Guanche had the right to appeal. Guanche appeals the denial of his motion to recuse the trial court judge, requesting that we reverse the judgment and the denial of the motion to recuse. We affirm.

## Background

Guanche was charged by information with Class B misdemeanor DWI as a first offender. Guanche was released on bond and, as a condition of his release, was ordered to install an ignition interlock device on his vehicle. After his bond supervision officer filed a violation report stating that Guanche had failed to pay administrative fees and tested positive for drug use, the trial court revoked Guanche's bail, raised it to $4,000, and amended the conditions of bail to make them stricter. Guanche's bond supervision officer later filed a second violation report stating that Guanche had (1) failed to pay administrative fees, (2) on April 15, 2013, Guanche's breath alcohol level was measured at 0.040, and (3) Guanche had attempted to bribe a urinalysis technician with $100. The trial court revoked Guanche's bail for a second time, raised it to $8,000, and amended the terms of bail to make them even stricter.

Guanche then filed a verified motion to recuse the trial court on the grounds that her "impartiality might be reasonably questioned, [she] has a personal bias or

2

prejudice concerning the subject matter, defense counsel or a party, or the judge has no regard for Texas law, and there is a strong appearance of impropriety." The ground for the motion was that the trial court had tried to "coerce" Guanche's counsel to interpret for his Spanish-speaking client in an unrelated matter. According to Guanche's counsel, he represented that client in a bond matter before the trial court, and when Guanche refused to interpret for his client, the trial court became upset, mocked counsel, and asked counsel why he had not made the request for an interpreter earlier. Guanche argued that "hundreds, if not thousands, of guilty pleas from those accused, for many recent years, were completed illegally in open court in Harris County, and this court, without licensed interpreters, in direct violation of the Texas Government Code and criminal law." Thus, Guanche argued, "the judge is not fit to hear this case regarding this Spanish surnamed defendant who has retained this same counsel in the current case."

The trial court declined to recuse herself and referred the motion to the Presiding Judge of the Second Administrative Judicial Region, Olen Underwood. Presiding Judge Underwood denied the motion. Guanche pleaded guilty before a different trial court judge and was sentenced in accordance with his plea agreement.

## Discussion

In his sole issue on appeal, Guanche urges us to reverse the judgment on the grounds that the trial court and Presiding Judge Underwood erred in denying his motion to recuse.

### A.    Standard of Review

We review an order denying a motion to recuse under an abuse-of-discretion standard. TEX. R. CIV. P. 18a(j)(1)(A); *see Abdygapparova v. State*, 243 S.W.3d 191, 198 (Tex. App.—San Antonio 2007, pet. ref'd). The court abuses its discretion if its ruling is outside the "zone of reasonable disagreement" or if it fails to apply proper guiding rules and principles. *Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992); *Abdygapparova*, 243 S.W.3d at 197–98.

### B.    Applicable Law

Texas Rule of Civil Procedure 18(b) provides that a judge must recuse if, among other things (1) the judge's impartiality might reasonably be questioned or (2) the judge has a personal bias or prejudice concerning the subject matter or a party. TEX. R. CIV. P. 18b(b)(1)–(2). Under Rule 18(b)(1), a judge's impartiality might reasonably be questioned if she "harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal v. State*, 332 S.W.3d 448, 453 (Tex. Crim. App. 2011); *see* TEX. R. CIV. P. 18b(b)(1). "Rule 18(b)(2) is more specific: It covers how the judge feels and

what the judge knows," such as when a judge has personally observed the conduct that led to a defendant's detention. *Gaal*, 332 S.W.3d at 453; *see* TEX. R. CIV. P. 18b(b)(2).

Recusal generally is not required when the judge is accused of a personal bias based solely on her judicial rulings, remarks or actions. *See Gaal*, 332 S.W.3d at 453–54. However, when the judge's remarks reveal an opinion based on an extra-judicial source (sometimes referred to as "personal" bias), recusal could be warranted. *See id.* at 453–54. In either case, if the comments or actions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible," then recusal is required. *See id.* at 454 (quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994)).

The party seeking recusal must establish that a reasonable person, knowing all the circumstances involved, would have doubts as to the impartiality of the judge. *See Kemp*, 846 S.W.2d at 305; *Abdygapparova*, 243 S.W.3d at 198. The evidence must be sufficient to overcome the presumption of judicial impartiality. *See Kemp*, 846 S.W.2d at 306; *Abdygapparova*, 243 S.W.3d at 198–99. Further, the bias must be "of such nature, and to such extent, as to deny the defendant due process of law." *Kemp*, 846 S.W.2d at 305; *see also Abdygapparova*, 243 S.W.3d at 199 (noting that this is a "high standard"). In order to meet the standards for a recusal motion, the motion, among other things, must include verified allegations

that "if proven, would be sufficient to justify recusal . . . ."  TEX. R. CIV. P. 18a(a)(4)(C).

## C.    Analysis

On appeal, Guanche argues that the trial court violated Texas Code of Criminal Procedure article 38.30, the Texas and U.S. Constitutions, various Texas and federal statutes and common law doctrines, ethics rules, attorney general opinions, Harris County's "settlement agreement . . . with the Texas Civil Rights Project," and "potential appellate reversals."  App. Br. 6–7.  He does not specify how any of these were violated, but the gravamen of his complaint is that the trial court violated Texas law in an unrelated proceeding by trying to coerce Guanche's counsel to interpret for his Spanish-speaking client in that case.  In his point of error, he asserts that "[t]he trial court erred in refusing to recuse itself after multiple open court efforts by the court to have defense counsel violate Texas criminal law by interpreting for the defendant, before the court, on issues of bail, without the required license; and the Presiding Judge of the Administrative Region erred in denying the related Motion to Recuse."  We reject Guanche's argument that the trial court erred in refusing to recuse and that Presiding Judge Underwood abused his discretion in denying Guanche's motion to recuse.

Guanche's motion alleged that the trial court was required to recuse herself in his case because he has a Spanish surname.  However, Guanche did not connect

the allegations in his motion regarding the trial court's alleged remarks and actions with respect to an interpreter in the unrelated case to anything in his own case. On appeal, he argues that failure to provide a licensed interpreter is a due process violation. But although he alleged in his motion to recuse that recusal was required because he had a Spanish surname, he did not represent that he was not fluent in English or ever required, let alone had been denied, the assistance of an interpreter. In short, even if the trial court had illegally denied a Spanish-speaking defendant the use of an interpreter in another case, the mere fact that Guanche has a Spanish surname does not support a claim that the trial court was biased against him or could not impartially judge his case. Thus, he alleged nothing to show that the trial court "harbor[ed] an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging [his] dispute." *Gaal*, 332 S.W.3d at 453 (judge's impartiality might reasonably be questioned "*only if* it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute") (emphasis added). Likewise, his allegations do not demonstrate bias "of such nature, and to such extent, as to deny [him] due process of law," because they do not suggest that the trial court had an opinion about the merits of Guanche's case that stemmed from an improper source. *Kemp*, 846 S.W.2d at 305–06 (for alleged bias to properly form basis for recusal, it "must stem from an extrajudicial source and result in an opinion on the merits on

some basis other than what the judge learned from his participation in the case"). Thus, his motion did not contain facts that "if proven, would be sufficient to justify recusal." TEX. R. CIV. P. 18a(a)(4)(c). Accordingly, we hold that the trial court did not err in refusing to recuse and that Presiding Judge Underwood did not abuse his discretion in denying the motion to recuse. *See* TEX. R. CIV. P. 18a(j)(1)(A); *Kemp*, 846 S.W.2d at 306.

We overrule Guanche's sole point of error.

### Conclusion

We affirm the judgment of the trial court.


Justice Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. Tex. R. App. P. 47.2(b).