# NO. 12-14-00226-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOCK COLBY DOMINEY,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Jock Colby Dominey appeals the trial court's order of deferred adjudication and raises one issue relating to the trial judge's impartiality. We affirm.

### BACKGROUND

An Angelina County grand jury returned a three count indictment against Appellant for the offenses of manufacture or delivery of a controlled substance (counts I and II) and possession of a controlled substance (count III). Appellant pleaded "guilty" to each count, and the trial court ordered a presentence investigation report (PSI).

The trial court conducted a sentencing hearing, and deferred a finding of guilt for each count. For counts one and two, the trial court placed Appellant on deferred adjudication community supervision for three years. For count three, the trial court placed Appellant on deferred adjudication community supervision for ten years. This appeal followed.

### NEUTRAL AND DETACHED MAGISTRATE

In his sole issue, Appellant contends that he was denied the right to a neutral and detached magistrate. He argues that his due process rights were violated because the trial judge "was an active participant in developing the evidence on which [his] sentence was based . . . and

developed that evidence based on information learned outside the confines of the court proceeding." Appellant does not argue that the trial court failed to consider the full range of punishment. The sole basis for his claim relates to the trial court's questioning.

## Standard of Review

To reverse a judgment on the ground of improper conduct or comments by the trial judge, the reviewing court must find (1) that judicial impropriety was in fact committed, (2) resulting in probable prejudice to the complaining party. *Johnson v. State*, 452 S.W.3d 398, 405 (Tex. App.—Amarillo 2014, pet. ref'd). The scope of appellate review is the entire record. *See Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd).[1]

## Applicable Law

Due process requires a neutral and detached judge at the sentencing hearing, and does not permit the trial judge to assume the role of a prosecutor. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006); *Avilez v. State*, 333 S.W.3d 661, 673 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). However, a trial judge may question a witness when seeking information to clarify a point or get the witness to repeat something that the judge could not hear. *See Moreno v. State*, 900 S.W.2d 357, 359 (Tex. App.—Texarkana 1995, no pet.). In instances where the court is asked to assess punishment, and particularly when a defendant files an application for community supervision, the trial judge has the authority to independently question witnesses in order to obtain information that is relevant to his punishment determination. *See Guin v. State*, 209 S.W.3d 682, 686 (Tex. App.—Texarkana 2006, no pet.). Absent a clear showing of bias, a trial court's actions will be presumed to have been correct. *Brumit*, 206 S.W.3d at 645.

## The Sentencing Hearing

Despite having previously been convicted of a felony, Appellant filed an application for community supervision. The conduct he complains of occurred during the sentencing hearing.

Four witnesses testified during the hearing. Among those witnesses were Dane Smith, the community supervision officer who prepared the PSI report; Tina Dominey, Appellant's

---

[1] Appellant did not object to the trial court's conduct or comments at trial. Ordinarily, failure to object precludes appellate review. *See* TEX. R. APP. P. 33.1. However, a conviction may be reversed if it is based on structural error. *See Johnson v. United States*, 520 U.S. 461, 468–69, 117 S. Ct. 1544, 1549–50, 137 L. Ed. 2d 718 (1997) (listing cases involving structural error: total deprivation of right to counsel, lack of impartial trial judge, unlawful exclusion of grand jurors of defendant's race, denial of right to self-representation at trial, right to public trial, erroneous reasonable-doubt instruction to jury) (citations omitted). Because Appellant's contention turns on whether structural error occurred, we review his claim.

sister-in-law; Lauren Flowers, Appellant's common-law wife; and Appellant. Smith, Dominey, and Flowers each testified that they believed Appellant had a sincere desire to change. The trial court independently questioned Smith, Flowers, and Appellant.

The trial court's independent questioning of Community Supervision Officer Smith revealed that Appellant had prior criminal convictions and a sporadic work history. During his discourse with Smith, the trial court stated that Smith's opinion was important, to which Smith responded as follows:

> When I talk to somebody that's been using drugs . . . and I ask them what they're willing to do in order to take care of that problem, and I bring up the fact that SAFPF is six to nine months long, most of them will say, [']Well, I don't need that.['] But [Appellant] didn't. He stated he's willing to do whatever it takes to get himself straightened out. And I believe him.

Flowers testified that she wanted Appellant to "come home" because she wants her husband and because her children "need him." The record revealed that Flowers had been in drug court since August 7, 2013. Although she was unable to visit Appellant while he was in jail, Flowers testified that he has changed and would be successful if placed in drug court.

At the conclusion of her testimony, the trial court asked Flowers to explain the type and length of treatment she received. He further inquired about whether her treatment did "any good" and asked if Appellant should be placed in drug treatment. Flowers testified that she believed Appellant would benefit from treatment. The trial court then remarked, "How can you say [the children] need him when he's in the condition he's in? He's a dope head." Flowers explained, "I've been there. And I know whenever I was in my addiction my children needed me, but I've bettered myself for them and for myself. And I know he's capable of it."

Appellant was the final witness, and the record showed he was on parole for possessing certain chemicals with the intent to manufacture a controlled substance. He testified he has been an addict since he was sixteen years old, but has changed since he has been in jail. When asked what has changed, he explained, "I've been on drugs. I really haven't been sober. I mean, I wasn't seeing clearly. I mean, I've been locked up almost 10 months now. I'm ready to get out and take care of my children."

Appellant's sister-in-law's testimony showed that Appellant was once a "trusty" at the jail, but at the time of the sentencing hearing, he no longer held trusty status. When Appellant testified, the trial court asked him why he lost his trusty status. Appellant said it was because he

3

was "[g]iving out extra trays. I got rolled." The trial court then inquired as to whether Appellant had ever been asked to be drug tested while in jail. Appellant responded that he had, but refused because he smoked marijuana while in jail. The record showed that Appellant had smoked marijuana the month before the sentencing hearing. Upon learning this, the following discourse occurred:

> Trial Court: But a month ago, you were smoking dope?
>
> Appellant: Yes, sir. I slipped up. I'm not going to lie to you.
>
> Trial Court: Well, that's a problem. You haven't—you don't have a history of having beaten anything. Do you realize that?
>
> Appellant: Yes, sir.
>
> Trial Court: And you're in jail smoking dope?
>
> Appellant: Yes, sir.
>
> Trial Court: Offered a test, you refused it?
>
> Appellant: Yes, sir.
>
> . . . .
>
> Trial Court: You don't think you need drug treatment?
>
> Appellant: Well, I mean, since I've been locked up ten months already, Your Honor. I was hoping I could get a 90-day rehab, two years drug court, and five years [of] probation.

Thereafter, Appellant testified he has never been offered any help from his previous drug charge and has never asked for help until now. The trial court remarked that Appellant sounded as if he was entitled to help and that Appellant's family has been trying to help him for years and "it ain't helped." Nevertheless, the trial court placed Appellant on deferred adjudication community supervision for each count contained in the indictment.

**Discussion**

Appellant concedes that the information gained from the trial court's questioning was relevant to sentencing. *See* **Guin**, 209 S.W.3d at 686. However, he contends that the trial court's questioning him about "smoking dope" was based on knowledge derived from an extrajudicial source, which violated his right to a hearing before an impartial judge. We disagree.

4

Appellant told the trial court he smoked marijuana in his explanation of why he refused drug testing at the jail. He makes no allegation as to the identity of the extrajudicial source from which the trial court purportedly gained knowledge of his smoking marijuana. Thus, to conclude that the trial court derived his knowledge from an extrajudicial source, we would have to (1) ignore Appellant's testimony that he smoked marijuana in jail and (2) assume the trial court questioned Appellant about losing his trusty status (revealed by Tina Dominey's testimony) and being drug tested only to obtain an admission that Appellant had smoked marijuana while in jail. We cannot rely on assumptions to find a "clear showing of bias." *See Brumit*, 206 S.W.3d at 645.

A judge's impartiality might reasonably be questioned "only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Gaal v. State*, 332 S.W.3d 448, 453 (Tex. Crim. App. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 558, 114 S. Ct. 1147, 1158, 127 L. Ed. 2d 474 (1994) (Kennedy, J., concurring)). Here, by his questions and comments, the trial judge appears to be seeking facts relevant to his role in determining the appropriate punishment for Appellant. *See Moreno*, 900 S.W.2d at 359 ("A judge's questions are likely to be closely tied to his or her mental process.").

While judicial remarks may constitute bias if they reveal an opinion deriving from an extrajudicial source, no extrajudicial source has been alleged in this case. *See Dockstader*, 233 S.W.3d at 108. When no extrajudicial source is alleged, the remarks will constitute bias only if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. *See id.*

After viewing the entire record, we cannot conclude that the trial judge's remarks revealed a high degree of antagonism against Appellant. *See Gaal*, 332 S.W.3d at 458; *Dockstader*, 233 S.W.3d at 108. Several witnesses testified that they believed Appellant had a sincere desire to change his life. And despite the fact that Appellant was on parole and had committed three separate drug-related felonies, the trial judge granted him deferred adjudication community supervision. This decision, when viewed in light of the entire record, supports the presumption that the trial court was neutral and detached. *See Earley v. State*, 855 S.W.2d 260, 262 (Tex. App.—Corpus Christi 1993, pet. dism'd) ("[I]n the absence of a clear showing to the contrary, we will presume the trial judge was a neutral and detached officer.").

**Conclusion**

The record does not support a finding that judicial impropriety was committed or that Appellant was prejudiced by the trial court's comments or conduct.  *See Johnson*, 452 S.W.3d at 405.  Appellant was not deprived of his right to a neutral and detached magistrate.  Accordingly, we overrule Appellant's sole issue.

**DISPOSITION**

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

GREG NEELEY
Justice

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 22, 2015

NO. 12-14-00226-CR

**JOCK COLBY DOMINEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0069)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*