

**NUMBER 13-23-00296-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

OSCAR ESCOBAR A/K/A
OSCAR ESCOBAR JR.,                                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                                   **Appellee.**

**ON APPEAL FROM THE 186TH DISTRICT COURT
OF BEXAR COUNTY, TEXAS**

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva
Memorandum Opinion by Justice Silva**

Appellant Oscar Escobar a/k/a Oscar Escobar Jr. was convicted of aggravated

robbery, a first-degree felony enhanced by a prior felony conviction.[1] *See* TEX. PENAL

---

[1] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio

CODE ANN. §§ 12.42(c)(1), 29.03. Escobar was sentenced to twenty years' imprisonment. By one issue, Escobar challenges his conviction, arguing that trial judge's biased comments during voir dire deprived him of a fair trial. We affirm.

## I.    BACKGROUND

San Antonio Police Department officers were dispatched to a residential area for an aggravated robbery and assault in progress on October 15, 2020. Officers arrived to find eighty-seven-year-old Abelardo Villarreal suffering from numerous injuries to his face and arm. Villarreal identified Escobar as the perpetrator, and Escobar was subsequently arrested and indicted. Escobar pleaded not guilty and proceeded to trial.

During the trial court's admonishments to the venire panel regarding the State's burden at trial, the trial court stated: "The way the Charge reads is just because somebody has been arrested for, confined for, accused in any way under some type of accusation—accusation for this case gives rise to an inference of guilt at his or her trial." Escobar made no objection, voir dire continued, and a jury was empaneled.

Villarreal then testified to the events preceding the assault. According to Villarreal, he hired Escobar to perform welding work and paid Escobar $120 for three hours of work. Villarreal said Escobar was displeased with the amount he received but accepted the payment. The next day, Escobar approached Villarreal in a parking lot while Villarreal was

---

pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). Because this is a transfer case, we apply the precedent of the San Antonio Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

seated in the passenger seat of a parked vehicle.[2] Escobar swung open the vehicle door and hit Villarreal repeatedly, broke Villarreal's glasses, and stole Villarreal's phone and wallet. Villarreal stated that Escobar acted unprovoked. Photographs depicting blood stains inside the vehicle and on the pavement around the vehicle were admitted at trial.

A transcript from a jail call between Escobar and his mother was also admitted. In the call, Escobar alludes to his culpability and asks his mother to dissuade Villarreal from testifying against him at trial.

The jury returned a guilty verdict and sentenced Escobar accordingly. This appeal followed.

## II. JUDICIAL BIAS

On appeal, Escobar contends the trial judge's statements to the venire during voir dire evidenced a bias against him, thereby depriving him of his right to a fair and impartial trial. Although Escobar did not make a timely objection, or even raise the issue at any time during or after trial, he contends the trial judge's comments were so egregious that they constituted fundamental error, warranting a reversal of his conviction despite his failure to object.

### A. Standard of Review and Applicable Law

"One of the most fundamental components of a fair trial is 'a neutral and detached judge,' one who is fair and impartial and who does not act as an advocate for either party." *Proenza v. State*, 555 S.W.3d 389, 399 (Tex. App.—Corpus Christi–Edinburg 2018, no pet.) (quoting *Simon v. State*, 203 S.W.3d 581, 593 (Tex. App.—Houston [14th Dist.]

---

[2] Villarreal explained that the driver of the vehicle had momentarily left to drop off an item.

2006, no pet.)); *see* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 13. "When a claim of judicial bias is raised, we review the entire record to determine if it shows the judge's bias or prejudice denied the defendant due process." *Tovar v. State*, 619 S.W.3d 783, 792 (Tex. App.—San Antonio 2020, pet. ref'd). We presume the trial judge was neutral and detached in the absence of a strong showing to the contrary. *Id.*; *see also Debord v. State*, No. 13-21-00280-CR, 2023 WL 8642236, at *20 (Tex. App.—Corpus Christi–Edinburg Dec. 14, 2023, pet. ref'd). A judge's rulings, remarks, or actions will "only in the rarest circumstances evidence the degree of favoritism or antagonism required" to show judicial bias or partiality. *Gaal v. State*, 332 S.W.3d 448, 454 (Tex. Crim. App. 2011) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). They must be "so extreme as to display clear inability to render fair judgment." *Liteky*, 510 U.S. at 552.

## B.    Waiver

As a preliminary matter, the State suggests that Escobar's complaint has not been preserved. The Texas Court of Criminal Appeals has yet to establish how a claim of judicial bias fits within the *Marin* framework of categorical rights—which includes nonforfeitable rights. *See generally Marin v. State*, 851 S.W.2d 275, 278–80 (Tex. Crim. App. 1993), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). However, "[w]e need not decide today whether an objection below is required to preserve an error of this nature on appeal because the record here does not reflect partiality of the trial court." *Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006); *see also Ramos v. State*, No. 13-22-00293-CR, 2023 WL 8850088, at *14 (Tex. App.—Corpus Christi–Edinburg Dec. 21, 2023, no pet.) (mem. op., not designated for

4

publication) (assuming but not deciding that the issue of judicial bias was properly before the Court); *Porter v. State*, No. 04-18-00427-CR, 2019 WL 3229185, at *2 (Tex. App.— San Antonio Apr. 17, 2019, pet. ref'd) (mem. op., not designated for publication) (same).

## C.    Discussion

Escobar argues the following statement made by the trial judge during voir dire evidences the trial judge's impartiality: "The way the Charge reads is just because somebody has been arrested for, confined for, accused in any way under some type of accusation—accusation for this case gives rise to an inference of guilt at his or her trial." Admittedly, the statement is legally inaccurate; that is, a criminal indictment does not give rise to an inference of guilt. However, given the trial court's statements before and after this single sentence, it is apparent that the trial court simply misspoke:

> So, number one, one of the most important things that I have to talk to you about is the burden of proof. The burden of proof in every criminal case is on the [S]tate of Texas. It's on the government. And so wherever you are in any criminal court, be it Federal, be it any other state, the burden of proof is always on the government. And the reason that's true is because the government, by bringing a charge against a citizen, is attempting in some way to take that citizen's liberty.
>
> So they have the burden of proof. The burden of proof is beyond a reasonable doubt.
>
> . . . .
>
> The law is[,] smarter judges than this one—higher courts than this one have said that those are words of common meaning and understanding. You all— all know what "beyond" is. You all know what "reasonable[,]" you know what "beyond a reasonable[,]" and you all know what a "doubt" is. So you don't get a definition, right? That's the law.
>
> Let me tell you why you don't get a definition also. Because proof that satisfies you beyond a reasonable doubt may not satisfy the person sitting next to you. Each and every individual juror must be satisfied beyond a

5

reasonable doubt before any defendant can be convicted of any crime. And that's the way the law works.

So what does that mean? Well, we're going to talk about grand jury indictment very quickly, too, in a minute. But what happens is we have what's called elements of the offense. The State of Texas must prove each and every element beyond a reasonable doubt.

And what's an element? Who did it? How did they do it? Where did they do it? And it's, like, the who, the what, the when, the where, the how—it's never the why, by the way. You never have to prove motive. But they have to prove all the elements of the offense that are alleged in the indictment. And if they fail on even one of those elements, then the jury must find the defendant not guilty.

. . . .

Yeah. All right. So all of these things sort of fit in together. So I said they have to prove everything beyond a reasonable doubt. They have to prove each and every element. It never—the burden never shifts over to the Defense. They could sit here and say and do nothing the entire trial. And at the end of the trial, then having said or done nothing, if you are not satisfied beyond a reasonable doubt, what does your verdict have to be? Not guilty. That's right.

And so the way the process works is this is a charge that has been brought. There has been no proof at all whatsoever. And you, as jurors, must start this process with this individual is innocent. He is presumed to be innocent under the law. He is innocent. And unless the State gives you evidence beyond a reasonable doubt that he's committed this offense, under the law, the presumption of innocence prevails and he remains innocent.

So as jurors, you must start the process with that notion. He is innocent. State of Texas, you prove to me otherwise. *The way the Charge reads is just because somebody has been arrested for, confined for, accused in any way under some type of accusation—accusation for this case gives rise to an inference of guilt at his or her trial.*

The presumption of innocence alone is enough to acquit a defendant if they don't prove to you this case beyond a reasonable doubt. That's what the Charge says. And there are some people who say, ["]Well, you know, I'm going to say this, I can't do that. I cannot presume somebody innocent. I'm going to start this case out with the opposite. I'm not presuming him innocent.["] So that's the way the law works. You can't do that. If you feel

that way, it's fine. Just raise your card and let me know, and they're probably going to talk to you individually later.

(emphasis added). Apart from the complained-of statement, it is evident the trial judge sought to ensure that Escobar received a fair trial. Across approximately twenty pages of the reporter's record, the trial court repeatedly explained the significance of the presumption of innocence and the State's obligation to prove its case beyond a reasonable doubt. In other words, Escobar has not made the "strong showing" necessary to overcome the presumption that the trial judge here was neutral and impartial. *See Tovar*, 619 S.W.3d at 792; *see also Porter*, 2019 WL 3229185, at *3 (concluding trial judge's comments during voir dire did not violate appellant's right to an impartial jury or taint his presumption of innocence where it was otherwise apparent from the review of the record that the trial judge "misspoke"); *Denver v. State*, No. 05-14-00817-CR, 2016 WL 661034, at *3 (Tex. App.—Dallas Feb. 18, 2016, pet. ref'd) (mem. op., not designated for publication) (concluding same where trial judge "misspoke" in stating "you must not presume him to be innocent of these charges that he is facing today"). We overrule Escobar's sole issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
27th day of June, 2024.

7