**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George HOLLAND, Defendant-Appellant.**

No. 80–7742.

United States Court of Appeals,
Fifth Circuit.
Unit B

Aug. 31, 1981.

---

**6.** Pullman has at no time claimed that it has been in any way prejudiced.

Smith, Bowman, Thagard, Crook & Culpepper, Sterling G. Culpepper, Jr., Montgomery, Ala., for defendant-appellant.

Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before HILL and VANCE, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

This is the second appeal to this court of this case. George Holland was indicted on four counts of interstate transportation and concealment of stolen vehicles in violation of 18 U.S.C. §§ 2312, 2313. Holland was first tried before a jury on July 25, 1979 and was found guilty on the two concealment counts and not guilty on the interstate transportation counts. He was sentenced to three years imprisonment on each of the two counts, the sentences to run concurrently. After this conviction Holland employed new counsel to represent him on appeal. The principal issue on that first appeal was the propriety of an unrecorded conversation between the trial judge and the jury in the jury room. After an hour of deliberation the jury had sent a note to the trial judge asking for help in filling out the verdict forms. When the trial judge told the government and defense attorneys that he was going into the jury room there was no objection from Holland's attorney. On appeal we reversed and remanded for a new trial because we found that Holland had been denied his right to a complete trial transcript.[1]

The case was tried again before the same judge in the fall of 1980. When the jury retired to deliberate, the judge commented on his belief that Holland had "broken faith" with the court at his first trial by consenting to the judge visiting the jury room but then raising the issue on appeal. Following several exchanges between the judge and defense counsel, defense counsel moved for a mistrial. The motion was denied. The judge then stated for the record that he intended to increase Holland's sentence because of the incident which he had described.[2] After the jury returned a ver-

---

\* District Judge of the Northern District of Alabama, sitting by designation.

1. The events of the first trial are discussed fully in this court's unpublished opinion *United States v. Holland*, 620 F.2d 299 (1980).

2. The following occurred outside the presence of the jury:

THE COURT: Now Mr. Holland, the last time we tried this case I asked you and your lawyer if you had any problems with the correspondence I had with the jury. I offered to let you and your lawyer go back with me to the jury room and in my judgement you declined to go. You declined to object to what I offered to do. I was simply trying to save time for you, the Government and everybody else. Now, you took advantage of that on your appeal. You implied that you didn't agree to that. Is there anything about this trial that you haven't agreed to that you want to voice now either through yourself or your counsel and you may consult with your counsel and let him express it for you if you would like.

DEFENSE COUNSEL: Your Honor, I frankly don't understand.

THE COURT: You talk to him and see. I don't care if you understand it or not.

DEFENSE COUNSEL: Is there anything that you want to tell the Judge about?

THE COURT: You talk to him quietly so he will have a private opportunity.

(A pause in time.)

DEFENSE COUNSEL: Other than the objections I have already made and noted for the Record, Mr. Holland doesn't know what to say, he is not a lawyer.

THE COURT: Well, he knew what to say or not to say last time and he chose not to say anything until the appeal. I think he broke faith with the Court frankly and I want to be sure that if he has anything to say this time that he says it. I don't criticize your efforts but I do feel that he understood very well what was going ·on last time and he sat there and said nothing and his lawyer passedly [sic] agreed to my proposal and then raised it on—somebody raised it on appeal. I don't know or care who

dict of guilty, the trial judge again stated his reason for increasing Holland's sentence.[3] He then announced that the sentence would be increased to four years.

On appeal Holland contends that (1) the trial judge displayed such bias and prejudice as to require a new trial before a different judge and that (2) the trial judge committed error in increasing the defendant's sentence after the second trial. Our holding with respect to the first contention

makes consideration of the second contention unnecessary.[4]

The relevant statutory provision governing disqualification of federal judges is 28 U.S.C. § 455. Paragraph (a) of section 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This section imposes a reasonable man standard in determining whether a judge should

---

it was, it wasn't the fault of the lawyer. He had a duty to raise whatever he could as far as I was concerned. But when somebody agrees with the Court about something and then refuses to abide by it, I think I have the duty to consider that and to guard against it on the next trial. And that is all I am trying to do. If Mr. Holland has something that is bothering him I want to know about it. If he has something that he thinks I have done him wrong about I want to know about it and I want to know now before we finally submit this matter to the jury because I don't want to treat him wrongly but I don't want him wasting thousands of dollars of the Government's money getting a new trial about something that he doesn't point out to the trial Court initially. I want to be sure he has an opportunity to point out any problems he may have.

(A pause in time.)

DEFENSE COUNSEL: Your Honor, Defendant Holland is concerned that the Court, in imposing a sentence in this case if he is found guilty, the Court has already expressed to him that you feel like he broke faith with the Court and that you resent what happened and he tells me that he didn't even know what was going on about this conference with the jury.

THE COURT: It all took place in his presence. He was represented, his lawyer sat there and as far as the Record shows said nothing. I am almost certain that the lawyer, by action at least, in nodding agreed to it because I was talking to all of the lawyers and they all indicated their assent in one way or another. If they didn't they should have accepted [sic] to anything they felt the Court was doing wrong about. And I do feel that he broke faith with the Court but I feel that he has received a fair trial in this case and the Record stands for that.

DEFENSE COUNSEL: Well, I would move for a mistrial in light of the Court's apparent belief that the Defendant has somehow quote, broken faith with the Court.

THE COURT: All right, you move for a mistrial and that motion is overruled: denied. Is there any other problem?

DEFENSE COUNSEL: No, sir, not with that, Your Honor.

THE COURT: All right. Frankly, I have expressed this on the Record for the specific purpose of letting it appear clearly why I intend

to increase his sentence unless something appears in the probation file that was not in it before. I have a duty not to increase it unless there is something that justifies an increase in it that I did not have before me on the other occasion. And I do have this matter before me that was not before me when I sentenced him before and I have a duty to consider it in my judgement but I want it on the Record so that it shows clearly my thinking about it. I think it does.

3. The judge made the following comments:

THE COURT: .... On the jury verdict of guilty against you on counts two and four, I sentence you to four years on count two and four years on count four with those sentences to run concurrently with each other. Now, you will notice that I have increased the amount of your sentence. I think that I have made plain for the Record why I have. I know, as well as I can know, that you agreed with me and your lawyer agreed with me at the time of your last trial that I might step into the jury room and answer a question which could not damage you in any way and when you agree with me on something, I think that if you dishonor that agreement that I have a duty to consider that in your sentence if that agreement comes about and that dishonor comes about after the matters that I considered in your first sentence. I think you show by what you have done in implying that this Court did not give you every opportunity to object to what I did in that proceeding, that you are trying to take advantage of somebody else. The fact that it is the Court is material only in that I understand precisely what happened. If it was somebody else I still would have an obligation in my judgement to take it into consideration. That is the reason I have added one year to your total sentence. I have added one year to each of the counts but those counts are to be served concurrently so it would be a total addition of only one year.

4. We note, however, that *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), requires a judge to base a more severe sentence on objective reasons.

recuse himself. *Whitehurst v. Wright*, 592 F.2d 834, 838 (5th Cir. 1979); *Parrish v. Board of Commissioners*, 524 F.2d 98, 103 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976). *See generally* 13 C. Wright & A. Miller, *Federal Practice and Procedure* § 3542 (1975). Additionally paragraph (b)(1) provides that a judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party . . . ." The general rule is that bias sufficient to disqualify a judge must stem from an extrajudicial source. *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *Phillips v. Joint Legislative Committee*, 637 F.2d 1014, 1020 (5th Cir. 1981); *In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 964 (5th Cir.), *cert. denied*, 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980); *United States v. Serrano*, 607 F.2d 1145, 1150 (5th Cir. 1979), *cert. denied*, 445 U.S. 965, 100 S.Ct. 1655, 64 L.Ed.2d 241 (1980). In *Davis v. Board of School Commissioners*, 517 F.2d 1044 (5th Cir. 1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976), however, we recognized that

> there is an exception where such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.

*Id.* at 1051. *Accord, Whitehurst v. Wright*, 592 F.2d 834, 837 (5th Cir. 1979) (noting that "the single fact that the judge's remarks were made in a judicial context does not prevent a finding of bias").

■ Applying this standard to the trial judge's conduct, we conclude that a reasonable man would be convinced that the trial judge's impartiality might be questioned. The trial judge's remarks also reflect a personal prejudice against Holland for successfully appealing his conviction on the basis of the judge's actions during the prior trial. The fact that these comments were made in a judicial context outside the presence of the jury does not prevent a finding of bias.[5]

5. We reject the government's argument that there was no bias because the trial judge's comments were made outside the presence of the jury. We also reject a similar argument

A "defendant is entitled to a trial before a judge who is not biased against him at any point of the trial . . . ." *United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973). Accordingly, the judgment of conviction is reversed and the case remanded for a new trial before a different judge.

REVERSED and REMANDED.

that the appellant did not demonstrate any prejudicial comments or rulings. Section 455 does not require such a showing.