**SIEBER & CALICUTT, Plaintiff,**

v.

**SPHERE DRAKE INS. CO., Defendant.**

**La Gloria Oil & Gas Co., Intervenor,**

v.

**Ocean Marine Indemnity Co., Intervention–Defendant.**

**Case No. 6:01–CV–454.**

United States District Court, E.D. Texas, Tyler Division.

Aug. 27, 2002.

---

John O. Kain, Kain & Reedy Houston, TX, pro se.

Howard Wayne Britain, Howard W. Britain Tyler, TX, for Plaintiff.

Martin Samuel Schexnayder, Wilson, Elser, Moskowitz, Edelman & Dicker, Houston, TX, for Defendant and Intervenor–Defendant.

Ronald Lee White, White, Mackillop & Baham, Houston, TX, for Intervenor–Defendant.

John L. Hagan, Jones, Day, Reavis & Pogue, Houston, TX, for Intervenor–Plaintiff.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Sphere Drake Ins. Co. ("Sphere Drake"), Defendant, and Ocean Marine Indemnity Co. ("Ocean Marine"), Intervention Defendant (collectively "Defendants") have filed a Motion to Recuse the undersigned judge pursuant to 28 U.S.C. §§ 455(a) and 455(b)(3). The motion is denied.

## BACKGROUND

This is an insurance coverage action arising from a state court lawsuit that was tried in Smith County, Texas, and then appealed to the Twelfth Court of Appeals for the State of Texas which affirmed the trial court's judgment. *See Sieber & Calicutt v. La Gloria Oil & Gas Co.*, 66 S.W.3d 340 (Tex.App.-Tyler 2001, pet. denied). At the time of the state appeal, the undersigned was Chief Justice of the Twelfth Court of Appeals. Although he did not author the opinion, he was a member of the three judge panel.

This case originated as a state wrongful death action against La Gloria Oil & Gas Co. and Sieber & Calicutt. La Gloria settled, then sued Sieber & Calicutt for contractual indemnity. The state trial court found that La Gloria was entitled to contractual indemnity for amounts paid under the settlement agreement. The state appellate court affirmed. Now, Sieber & Calicutt seeks recovery from its insurance carriers Sphere Drake and Ocean Marine. La Gloria has intervened seeking proceeds to satisfy the judgment.

In their Motion to Recuse, Sphere Drake and Ocean Marine contend that because the undersigned was a member of the state appellate panel that affirmed the trial court's judgment in *Sieber*, recusal in this proceeding is required.

## SECTION 455(a)

Section 455(a) provides, "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "In order to determine whether a court's impartiality is reasonably in question, the objective inquiry is whether a well-informed, thoughtful and objective observer would question the court's impartiality." *Trust Co. v. N.N.P.*, 104 F.3d 1478, 1491 (5th Cir.1997) (citing *United States v. Jordan*, 49 F.3d 152, 155–58 (5th Cir.1995)). However, the alleged biased or prejudiced conduct must, as a general rule, be personal to mandate disqualification. *United States v. Holland*, 655 F.2d 44, 47 (5th Cir.1981); *see also In re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 965 and n. 16 (5th Cir.1980), *cert. denied*, 449 U.S. 888, 101 S.Ct. 244, 66 L.Ed.2d 114 (1980). Further, the biased or prejudiced conduct "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Clark*, 605 F.2d 939, 942 (5th Cir.1979) (per curiam); *see also In re Corrugated Container*, 614 F.2d at 964 (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16

L.Ed.2d 778 (1966)). Thus, as a general rule, a judge's rulings in the same case are not valid grounds for recusal. *Berger v. United States*, 255 U.S. 22, 31, 41 S.Ct. 230, 232, 65 L.Ed. 481 (1921). In fact, "in numerous cases since the enactment of Section 455(a) courts have held that familiarity with defendants and/or the facts of a case that arises from earlier participation in judicial proceedings is not sufficient to disqualify a judge from presiding at a later trial." *In re Corrugated Container*, 614 F.2d at 965 and n. 17.

 Defendants do not claim that this court has a bias stemming from a personal or extrajudicial source. Their only basis for recusal is the undersigned's participation on the state appellate panel that rendered the decision in *Sieber*. Such judicial involvement in a case does not mandate recusal under section 455(a). While the undersigned's prior involvement in *Sieber* may have resulted in a degree of familiarity with the record in the underlying case, the authority cited above is clear that familiarity with a case stemming from prior judicial involvement is insufficient to require recusal.

Defendants rely on a Fourth Circuit criminal case, *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir.1978), to support their contention that the undersigned's ability to impartially preside over this case can be reasonably questioned. In *Rice*, the trial judge in a federal habeas proceeding had been the chief justice of the state court which had, in a case involving a probation violation, passed on the same claim made in the federal case. The issue, as framed by the court, was "whether a federal district court judge must recuse himself in a federal habeas corpus case when, as chief justice of the state, he had participated in the state supreme court's adjudication of the same claims." *Id.* at 1115. The court reviewed 28 U.S.C. § 47, which states: "No judge shall hear or determine an ap-

peal from the decision of a case or issue tried by him". *Id.* at 1117. The *Rice* court determined that the prohibition in section 47 provided a reasonable basis to question the judge's impartiality. The court reasoned that "the federal habeas proceeding called for a review of the state court proceedings to determine whether or not the commitment of Rice was in violation of some constitutional right." *Id. Rice* provides an example of a rare exception to the "extra-judicial source" doctrine of section 455(a). *Liteky v. United States*, 510 U.S. 540, 554–55, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994).

The facts in *Rice* are distinguishable from the present case. The undersigned is not in the position of reviewing a decision previously made as a trial judge. The judgment of the state appellate court has become final. This case involves a separate question of insurance coverage for the losing party in the state court trial. Thus, the rare exception to the "extra-judicial source" doctrine of section 455(a) is inapplicable to this case. Absent extraordinary facts, which were present in *Rice* but are not present here, an extra-judicial source must be present to raise the appearance of impropriety. As explained above, this court's familiarity, if any, with the facts of this case stems from a prior judicial proceeding. Accordingly, the court concludes that section 455(a) does not warrant recusal.

### SECTION 455(b)(3)

 Defendants have also moved for recusal pursuant to 28 U.S.C. § 455(b)(3). Section 455(b)(3) states that a judge shall disqualify himself "where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." Defendants contend that the undersigned, as a member of the appellate panel

in *Sieber*, has already expressed an opinion regarding Defendant's assertions and defenses and, thus, recusal is required under section 455(b)(3). The court disagrees.

The proceeding presently before this court and the state court appeal in *Sieber* are different proceedings, making section 455(b)(3) inapplicable. Further, this statute concerns circumstances where a judge has had previous exposure to a case as an attorney (*e.g.*, as a prosecutor), an advisor or a witness. Because this court's exposure to the facts underlying this action came only in a judicial capacity, section 455(b)(3) does not mandate recusal. *Cf. United States v. Outler*, 659 F.2d 1306, 1313 (5th Cir.1981), *cert. denied*, 455 U.S. 950, 102 S.Ct. 1453, 71 L.Ed.2d 665 (1982) (magistrate's previous role as prosecutor, in unrelated incident involving same defendant, not sufficient to require recusal).

### CONCLUSION

Because Defendants have failed to demonstrate that there is a reasonable basis to question this court's impartiality, it is hereby **ORDERED** that Defendants' Motion to Recuse is **DENIED**.