[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12296

Non-Argument Calendar

_____

WASEEM DAKER,

                                                    Plaintiff-Appellant,

*versus*

NEIL WARREN,
Sheriff, Cobb County,
COBB COUNTY,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:10-cv-02084-WMR

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia inmate and serial litigant, filed a pro se lawsuit that brought claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act.[1] He alleged that several policies of the detention center in which he was incarcerated violated his federal rights.

Crucially, the district court permitted Mr. Daker to proceed *in forma pauperis* based on his assertion under oath that he is indigent and unable to pay the filing fee. While the case was pending, Mr. Daker filed several motions to recuse the district and magistrate judges. Before ruling on the merits of any of the recusal motions, and while an appeal of the magistrate judge's order denying two recusal motions was pending, the district court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2) because it determined that Mr. Daker's assertions of poverty were untrue.

On appeal, Mr. Daker argues that the district court abused its discretion by (1) reassigning the case without ruling on the recusal motion, (2) dismissing the case without ruling on his recusal

---

[1] According to the district court, Mr. Daker has initiated over 250 federal civil suits and appeals. Courts have repeatedly labeled Mr. Daker's litigation tactics as malicious, abusive, or vexatious. *See* D.E. 419 at 2 (collecting cases). For our part, we have noted that Mr. "Daker is a serial litigant who has clogged the federal courts with frivolous litigation." *Daker v. Comm'r., Ga. Dep't Corr.*, 820 F.3d 1278, 1281 (11th Cir. 2016).

motion, (3) failing to recuse, and (4) dismissing the case. We agree that the district court should have ruled on the recusal motion before dismissing the case, but we nevertheless affirm. The recusal motion was meritless, and therefore the district court's failure to address it before dismissing the case was harmless error. We also affirm the district court's dismissal of the case under § 1915(e)(2) because Mr. Daker's allegations of poverty were untrue.

**I**

In his complaint, Mr. Daker alleged that Cobb County and its sheriff violated his rights by denying him access to hardcover books, preventing him from accessing the prison law library, and preventing him from participating in religious services. Along with the complaint, Mr. Daker filed an affidavit requesting to proceed *in forma pauperis*, in which he stated "because of my poverty I am unable to pay the costs of said proceeding or to give security thereof." Mr. Daker stated that the only money he had received in the past year was $1,000, and that he did not have any cash in a checking or savings account. He also disclosed that he owned a house with a mortgage and that he has "not had any income since January 2010 with which to make mortgage payments." He claimed that he bought his home for $395,000, had a $345,000 mortgage, and that the home had lost value so he didn't know if he had any equity in the home at all.

In February and April of 2019, the district court issued orders asking Mr. Daker to show cause why the case should not have been dismissed because his assertion of poverty was untrue. The

district court also allowed Cobb County and the sheriff to take discovery relevant to Mr. Daker's financial situation.  Mr. Daker responded to these orders, alleging that since filing his complaint he had sold his house and paid off his debts, with $36,000 left.  He also claimed that he did not have to list his annuity account because his brother falsely told him that the account had been sold, and he did not know the value of his other assets.

The magistrate judge issued a report recommending dismissal and pointing to Mr. Daker's continuing obligation to inform the court of any change of circumstances that would render a contention meritless.  The district court agreed and also found that Mr. Daker's contention that his financial status had recently changed was "not accurate" because he owned his home and his annuity account at the time that he filed his complaint.  Before Mr. Daker sold his home, he had equity in the house, and after selling, he had that amount in cash.  The district court determined that he did not receive a recent windfall, but that he instead lied about the amount of equity he had in his house.  The district court ultimately dismissed the case pursuant to § 1915(e)(2).

Throughout the litigation, Mr. Daker filed a number of recusal motions.  In September of 2018, Mr. Daker filed a first motion to recuse Judge Story, the district court judge originally assigned to the case.  A few months later, in December of 2018, the case was reassigned to a different district court judge, Judge Ray, before Judge Story ruled on the recusal motion.  Judge Ray denied

the motion to recuse Judge Story as moot because he was no longer involved in the case.

In April of 2019, Mr. Daker filed a motion to recuse Judge Ray and to exceed the page limit, and the magistrate judge denied the motion without prejudice. In June of 2019, Mr. Daker filed another motion to recuse Judge Ray, which the magistrate judge denied without prejudice for failure to attach a certificate of service.

Mr. Daker then filed, in October of 2019, two more motions to recuse (his fourth and fifth)—one to recuse the magistrate judge and another to recuse Judge Ray—alleging that the judges were biased against him based on rulings they made in another of his cases. The magistrate judge denied these recusal motions as "prematurely filed[,]" noting that Mr. Daker filed these motions "in direct disregard of the [district c]ourt's [o]rder to file no further motions"—issued on August 16, 2019—until a specific issue (the district court was concerned that some of Mr. Daker's signatures were forged) was resolved. D.E. 388 at 5. Mr. Daker objected to the magistrate judge's order denying the recusal motions, and Judge Ray did not address his objections, construe them as an appeal, or otherwise rule on his recusal motions.[2]

Perhaps fed up with the large number of filings, the magistrate judge ordered that no further motions be filed until Judge Ray resolved whether Mr. Daker's allegation of poverty in his IFP

---

[2] A district court must liberally construe a pro se litigant's filings. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

affidavit was untrue. Barred from filing another recusal motion, Mr. Daker instead filed a motion for leave to file another motion to recuse (his sixth) on February 24, 2020. That motion was never ruled on. Judge Ray dismissed the case, without ruling on the appeal of the magistrate judge's order denying Mr. Daker's fourth and fifth recusal motions and without ruling on the motion for leave to file a sixth motion to recuse.

## II

We review a district court's denial of a recusal motion for an abuse of discretion. *See In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). We review the dismissal of the complaint under 28 U.S.C. § 1915(e)(2) for an abuse of discretion. *Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283 (11th Cir. 2016). We review the district court's factual findings for clear error. *FN Herstal SA v. Clyde Armory Inc.*, 838 F.3d 1071-1079-80 (11th Cir. 2016).

## III

Mr. Daker argues that the district court abused its discretion by failing to rule on the merits of several of his recusal motions. We quickly dispose of his arguments relating to his first and third recusal motions, which are meritless, and then we address his argument regarding the appeal of his fourth and fifth recusal motions, which requires more discussion.

## A

First, Mr. Daker argues that the district court erred by reassigning the case before first ruling on his first recusal motion. As

20-12296                Opinion of the Court                    7

noted, Mr. Daker filed a motion to recuse Judge Story, and a few months later (before Judge Story ruled on the recusal motion) the case was reassigned to Judge Ray because Judge Ray already had two of Mr. Daker's cases. After the reassignment, Judge Story had no further connection with the matter, and therefore the motion seeking Judge Story's recusal was correctly denied as moot. Crucially, Judge Story did not make any substantive or dispositive rulings in the case before it was reassigned. The denial of this motion was not an abuse of discretion. *See In re BellSouth Corp.*, 334 F.3d 941, 949 (11th Cir. 2003) (holding that the district court did not err by reassigning the case to another judge without first ruling on the recusal motion and calling this the "functional equivalent of recusing").

Mr. Daker also argues that the district court erred in denying his June 2019 recusal motion without prejudice for failing to include a certificate of service. But the district court's denial of the June 2019 recusal motion was not an abuse of discretion. *See* Fed. R. Civ. P. 5(d)(1)(B)(i) (dictating that a paper that is not served by "filing it with the court's electronic-filing system" must contain a certificate of service). *See also* Standing Order No. 19-01 (N.D. Ga. Apr. 15, 2019).

## B

Finally, Mr. Daker argues that the district court (Judge Ray) abused its discretion by dismissing the case without first ruling on the appeal of the magistrate judge's order denying his fourth and fifth recusal motions. Although we agree that the district court

should have ruled on the appeal before dismissing the case, we nevertheless affirm because the district court's error was harmless—*i.e.* it did not affect any of Mr. Daker's substantive rights. *See* 28 U.S.C. § 2111.

**1**

"Ordinarily, a judge should not delay ruling on a motion to recuse, grant a motion to dismiss, and then reject the recusal motion as moot." 13D Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3550 (3d ed. 2023 Update). *See also Cochran v. U.S. Securities & Exchange Comm'n*, 20 F.4th 194 (5th Cir. 2021) ("Given that disqualification disputes concern the basic integrity of a tribunal, they must be resolved at the outset of the litigation."); *Daker v. Toole*, 736 F. App'x 234, 236 (11th Cir. 2018) (unpublished) (denying the motion to recuse as moot after dismissing the action is error). A district court is generally required to rule on the recusal motion before dismissing the case because, if it turns out that recusal is warranted, the district court is generally not permitted to take further action concerning the merits. *See In re BellSouth Corp.*, 334 F.3d at 949 (explaining that, after triggering 28 U.S.C. § 455(b), the judge was prohibited from making further substantive rulings); *United States v. Moody*, 977 F.2d 1420, 1423 (11th Cir. 1992) (a district court judge who has recused may "perform ministerial acts" that do not have "any implication concerning the merits of the case").

Here, the district court dismissed the case while Mr. Daker's appeal of his fourth and fifth recusal motions was pending. Dismissing a case under § 1915(e)(2) is not simply a ministerial act.

20-12296                Opinion of the Court                9

Rather it is an "exercise of substantive authority." *Moody*, 977 F.2d at 1423. We therefore conclude that the district court abused its discretion in dismissing the case prior to ruling on the pending recusal motion. But, as discussed below, we nevertheless affirm. The district court's error was harmless because the recusal motions lacked merit.

**2**

The federal harmless error statute, 28 U.S.C. § 2111, requires "the court [to] give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties." Errors only "affect a substantial right of a party if they have 'substantial influence' on the outcome of a case or leave 'grave doubt' as to whether they affected the outcome of a case." *United States v. Frazier*, 387 F.3d 1244, 1268 n. 20 (11th Cir. 2004) (en banc). *See also Stansell v. Revolutionary Armed Forces of Colombia*, 45 F.4th 1340, 1349 (11th Cir. 2022) (affirming on an issue, despite possible errors because "appellants have failed to identify any real harm or prejudice").

Because Mr. Daker's fourth and fifth motions to recuse lacked merit, the district court's error in dismissing the case before ruling on the appeal of those motions was harmless. Generally, a district court judge must recuse if he or she has "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). It is well established that merely ruling against a litigant in a case is not sufficient to warrant dismissal. *See In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are

generally grounds for appeal, not recusal."); *Jaffe v. Grant*, 793 F.2d 1182, 1189 (11th Cir. 1986) ("a motion for recusal may not ordinarily be predicated upon the judge's rulings in the same or a related case"); *United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (the allegation of bias must be "personal as opposed to judicial in nature").

In his fourth and fifth motions, Mr. Daker moved to recuse Judge Ray because of his previous adverse rulings—specifically his ruling issuing a permanent injunction and imposing sanctions in another case. *See Daker v. Deal*, Case No. 1:18-CV-05243, D.E. 35, D.E. 57 (N.D. Ga. Aug. 26, 2019). The injunction prevented Mr. Daker from filing any new lawsuit without first posting a $1,500.00 contempt bond. *See id* at D.E. 57. The bond requirement ensures that if any of Mr. Daker's future filings are deemed frivolous or duplicative, the court may impose contempt sanctions against Mr. Daker to be paid from the bond. In the event that Mr. Daker cannot afford the bond, he may move for modification, so long as his modification motion includes "a comprehensive accounting of his assets and [an] affirm[ation] that the accounting is true under penalty of perjury." *Id.* Mr. Daker cannot base his recusal motion on the district court's imposition of this injunction, and therefore his recusal motion would fail.

Mr. Daker points to an "exception" to the general rule that a ruling cannot form the basis of a recusal motion, which occurs when "such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party." *Jaffe*, 793

F.2d at 1189.  This exception only applies in "rare cases."  *Loranger v. Stierheim*, 10 F.3d 776, 780 (11th Cir. 1994).  For the exception to apply, the adverse rulings must "stem from an extra-judicial source" and show a sufficiently "pervasive bias" to necessitate recusal.  *Id*. at 780–81.

For example, in *United States v. Holland*, 655 F.2d 44, 47 (5th Cir. 1981), the former Fifth Circuit held that the district judge should have recused under § 455 due to the judge's judicial actions. The judge increased the defendant's sentence after remarking that the defendant had "broken faith" with the district court by appealing an adverse ruling.  The grounds for this ruling—a district court's displeasure at the defendant challenging his rulings—stemmed from an "extra judicial source."  *Id*.

Here, Mr. Daker does not point to any adverse ruling that rises to the level of "pervasive bias."  Although admittedly restrictive, the injunction requiring Mr. Daker to post a contempt bond at the outset of any future litigation is restrictive for good reason.  Mr. Daker has been repeatedly recognized as a serial litigator who has filed more than 250 federal lawsuits, many of which have been dismissed as frivolous.  *See, e.g., Daker v. Dozier*, Case No. 5:17-CV-0025-CAR, 2017 WL 3037420 at *1 (M.D. Ga. July 18, 2017); *Daker v. Bryson*, Case No. 6:16-CV-57, 2017 WL 1053082, *6 (S.D. Ga. Mar. 20, 2017).  Given Mr. Daker's history, issuing a permanent injunction such as this one is not so egregious to suggest pervasive bias.

Nor has Mr. Daker shown that Judge Ray's grounds for the imposing of the injunction stem from an extra judicial source.[3]

## IV

Mr. Daker also argues that the district court erred in dismissing the case pursuant to 28 U.S.C. § 1915(e)(2), which requires the district court to dismiss a case any time if it discovers the plaintiff's allegation of poverty is untrue.

As we have explained, Mr. Daker claimed indigence under penalty of perjury in his sworn affidavits. The district court subsequently issued two show cause orders requiring Mr. Daker to demonstrate why this matter should not be dismissed due to his false assertions of poverty. In response, Mr. Daker asserted that his financial status had changed since he filed this action because he sold his home and paid off his debts. He also asserted that he did not list his annuity account because he did not know its status at the time that he filed suit.

After considering his responses, the district court adopted the magistrate judge's report and recommendation, dismissing Mr. Daker's case. *See* D.E. 419 at 4. The district court found that Mr. Daker's assertions that he was indigent and that his financial

---

[3] The appropriate way to challenge a district court's adverse rulings, like the order imposing the permanent injunction, is by filing an appeal, which Mr. Daker did. *See Daker v. Gov. of Ga.*, 2022 WL 1102015 (11th Cir. Apr. 13, 2022). We held on appeal that imposition of this injunction "[t]o curb [Mr.] Daker's abusive filings" was not an abuse of discretion. *Id.* at *1–2.

condition had changed since filing the lawsuit were untrue. *See* D.E. 419 at 6. Mr. Daker "did not receive a windfall." *Id*. He owned his home and his annuity account at the time that he filed his complaint, and his assertions of poverty "were and remain untrue." *Id*. Mr. Daker could argue that his access to liquid assets changed—before selling his house, he had equity in his house, and after selling, he had cash—but the IFP determination is not based on a party's access to cash. *Id*. at 6.

Mr. Daker argues that he is not required to report any change in his finances, and if he is, he did not know of the requirement. He is mistaken, *see Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997), and misses the point. The district court found that his original assertion in his IFP affidavit was untrue at the time it was made, and therefore any change in financial status is irrelevant. *See* D.E. 419 at 6. Mr. Daker does not argue that this finding of fact was clearly erroneous, and we do not believe it to be so.

The district court detailed the reasons why Mr. Daker's allegations of poverty were untrue, detailing sources of income that he failed to disclose in his IFP affidavit, such as the annuity contract. *See* D.E. 419 at 3. It cited several other district courts that had denied him leave to proceed IFP because his assertions of poverty were untrue. *See Daker v. Robinson*, Case No. 12-CV-00118, D.E. 3 (N.D. Ga. Feb. 9, 2012) (denying request for IFP status because Mr. Daker's affidavits "indicate that he has over $50,000 in net assets"); *Daker v. Dawes*, Case No. 1:12-CV-00119, D.E. 3 (N.D. Ga. Feb. 9, 2012) (denying IFP status and noting that "[a]lthough [Mr.] Daker

was granted permission to proceed IFP in an earlier case, *see Daker v. Warren*" (*i.e.* this case), his "earlier-filed IFP affidavit concealed his true, substantial net worth").

Further demonstrating Mr. Daker's ability to pay the filing fee, the district court highlighted seven cases in which he paid the entire filing fee after he was denied IFP status, and these fees from the seven cases totaled $3,220.  *See* D.E. 419 at 11 n.3.  And it also pointed to another court that dismissed Mr. Daker's cases because his allegation of poverty was untrue.  *See Daker v. Deal*, Case No. 1:14-CV-3856, D.E. 8 (N.D. Ga. May 25, 2015) (finding that "his allegation of poverty remains untrue" and dismissing the case pursuant to § 1915(e)(2)(A)).  Indeed, in *Daker v. Head*, we affirmed the dismissal of Mr. Daker's case pursuant to § 1915(e)(2)(A) based on his untruthful assertions regarding his financial status in the IFP affidavits that he filed in that case.  *See Daker v. Head*, 2022 WL 2903410, *5 (11th Cir. Jul. 22, 2022).

It is true that not every minor inaccuracy in an IFP affidavit should be considered a false allegation of poverty so as to preclude *in forma pauperis* status and dismissal of the complaint. "For example, a petitioner who states he has only $20.00 is not appreciably less indigent if it is subsequently established that he has $20.30." *Camp v. Oliver*, 798 F.2d 434, 438 n.3 (11th Cir. 1986).  Rather, the purpose of § 1915 is to "weed out the litigant who falsely understates his net worth in order to obtain *in forma pauperis* status to which he is not entitled." *Id*.  Mr. Daker appears to be such a litigant, as shown by his repeated ability to pay the filing fee in other

20-12296                Opinion of the Court                15

cases after his request for IFP status is denied.  Moreover, a court may dismiss a case "for even minor misrepresentations on his IFP affidavit if he has a history of misrepresenting his indigency[,]" and we have already held that Mr. Daker's "history of misleading courts and pursuing vexatious litigation tactics was sufficient for the court to find bad faith[.]"  *Head*, 2022 WL 2903410 at *3-4 (citing *Camp*, 798 F.2d 437–38).[4]

## V

We affirm the district court's order dismissing Mr. Daker's case pursuant to § 1915(e).

**AFFIRMED.**

---

[4] Mr. Daker also argues that the district court erred by failing to provide him with copies of the documents that it judicially noticed (namely, orders from other litigations involving Mr. Daker) and the cases that it cited.  This argument lacks merit.  *See Colbert v. Beto*, 439 F.2d 1130, 1131 (5th Cir. 1971) ("an indigent [person] does not have a federally-protected right to a free copy of his transcript or other court records merely to search for possible error").  Additionally, the district court determined that Mr. Daker is not indigent, and he therefore has the financial means to obtain copies of cases on his own.  *See* D.E. 419 at 8.