**Opinion filed May 23, 2024**



## In The

# Eleventh Court of Appeals

_____

## No. 11-22-00208-CR

_____

## ANGELICA GARCIA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-19-1410-CR**

### M E M O R A N D U M   O P I N I O N

During the presentation of the State's case-in-chief, Appellant, Angelica Garcia, changed her plea of "not guilty" to an open plea of guilty to two counts of the second-degree felony offense of intoxication manslaughter. *See* TEX. PENAL CODE ANN. § 49.08 (West 2011). The trial court accepted Appellant's guilty pleas. The trial court instructed the jury to find Appellant guilty of each count, which they did, and the jury assessed her punishment at confinement for a term of twenty years

in in the Institutional Division of the Texas Department of Criminal Justice for each count. The jury also imposed a fine of $5,000 for each count. The trial court ordered Appellant's sentences to run consecutively.

In her sole issue on appeal, Appellant contends that the Honorable George D. Gilles abused his discretion when he denied her motion to recuse the Honorable Denn Whalen, the presiding judge of the 70th District Court, from presiding over her trial. We affirm.

*Background Facts*

On July 3, 2019, at approximately 9:00 p.m., Odessa Police Department and Odessa Fire Rescue responded to a "chaotic" scene at a firework stand off Highway 80 and Club Drive. Juana Coy and her family were working at the firework stand at the time of the incident. Coy's two children and her nieces, Mia and Mya Coy, were playing near the firework stand. Juana saw a car "getting closer and closer to the stop sign and not slowing down." Juana "screamed for [her] kids" and watched as the car ran the stop sign, went through a barricade, and continued toward the firework stand.

The children were playing about twenty feet behind the barricade. After the car crashed into a light stand and the dust settled, Juana saw that Mia and Mya had been hit. Cory Street, a firefighter/paramedic with Odessa Fire Rescue, testified that Mia and Mya were quickly transported from the scene and to a hospital via ambulance, but both girls died before reaching the hospital as a result of "the impact they received from that crash."

Juana saw Appellant, the driver of the car, "knocked out behind the steering wheel" after her car had crashed. Juana testified that Appellant later approached the family. Juana heard Appellant say that "she was sorry" and that she was "f----d up." Juana smelled alcohol on Appellant's person and noticed that Appellant had urinated herself. Corporal Chris Adams with the Odessa Police Department also testified that

he smelled a "strong odor of alcohol" on Appellant's person and that Appellant had urinated herself. Corporal Adams stated that Appellant was "slurring her words" and was "really unsteady on her feet. All indicators of possible intoxication." Appellant stipulated that her blood draw returned a blood alcohol concentration of 0.106.

Approximately six months before trial, Appellant filed a motion to recuse Judge Whalen, the trial judge presiding over the matter. *See* TEX. R. CIV. P. 18a, 18b. Appellant's motion focused on an investigating officer's body-camera recording that was included in the State's discovery. In the recording, the officer wearing the body camera, Officer Shahin Allafchian, is heard talking to a hospital employee about the incident while waiting for the results of Appellant's blood draw to return. Officer Allafchian sought and obtained a "blood draw warrant" from Judge Whalen. At one point during the recording, Officer Allafchain stated to the hospital employee: "I called the judge. I was like, 'Judge!' and he was like, 'What do you got?' and I tell him. He goes 'Bring that f-----g warrant over here! I'll sign it!' He goes, 'She did what?'"

Appellant asserted in her motion that Judge Whalen should be recused under Rule 18b(b)(1)–(3) of the Texas Rules of Civil Procedure. Appellant's motion to recuse was forwarded to the Honorable Dean Rucker, the presiding judge of the Seventh Administrative Judicial Region. Judge Rucker assigned Judge Gilles to consider Appellant's motion to recuse.

Neither Officer Allafchain nor Judge Whalen testified at the recusal hearing. Appellant's trial counsel offered into evidence the search warrant for Appellant's blood that was signed by Judge Whalen (including the affidavit executed by Officer Allafchain) and a copy of the recording taken from Officer Allafchain's body camera. At the hearing, Appellant's trial counsel argued that Judge Whalen's act of allegedly telling Officer Allafchain to "bring that f------g warrant over here" "would

raise a fact issue as to whether or not this warrant was properly issued."[1]  Appellant's trial counsel argued that Judge Whalen would be a witness if Appellant sought to file a motion to suppress the search warrant or if Appellant sought to present the question of whether the search warrant was legally executed to the jury.  Appellant asserted that "Judge Whalen would have to testify in front of the very same jury that is presiding over the case."  Appellant's trial counsel briefly mentioned that Judge Whalen's impartiality could be affected, as well.  After the hearing, Judge Gilles denied Appellant's motion to recuse.

*Analysis*

Appellant asserts on appeal that Judge Gilles abused his discretion when he denied her motion to recuse Judge Whalen.  Appellant contends on appeal that Judge Whalen should have been recused under subsections (1)–(3) of Rule 18b(b) of the Texas Rules of Civil Procedure.

We review the denial of a motion to recuse for an abuse of discretion.  TEX. R. CIV. P. 18a(j)(1)(A).  "An appellate court should not reverse a recusal judge whose ruling on the motion was within the zone of reasonable disagreement."  *Gaal v. State*, 332 S.W.3d 448, 456  (Tex. Crim. App. 2011).

Rule 18b(b) states, in relevant part, that a judge must recuse in any proceeding in which:

(1) the judge's impartiality might reasonably be questioned;
(2) the judge has personal bias or prejudice concerning the subject matter or a party; [or]
(3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding.

TEX. R. CIV. P. 18b(b)(1)–(3).   In *Gaal*, the Texas Court of Criminal Appeals explained in-depth when subsections (1)–(3) merit a judge's recusal.  332 S.W.3d at

---

[1]Appellant did not object to the admission of the blood-draw evidence at trial.  Instead, as noted previously, she executed a written stipulation to the procedure and the results.

453–54 (analyzing a former version of Rule 18b).[2] First, the court held that a judge's impartiality might reasonably be questioned to a degree warranting his recusal "only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Id.* at 453 (quoting *Liteky v. United States*, 510 U.S. 540, 558 (1994)); *see* Tex. R. Civ. P. 18b(b)(1).

The court further explained that subsections (2) and (3)—whether the judge "has a personal bias or prejudice concerning the subject matter or a party" or has "personal knowledge of disputed evidentiary facts concerning the proceeding"—are "more specific" than subsection (1) because they cover "how the judge feels and what the judge knows." *Gaal*, 332 S.W.3d at 453; *see* Tex. R. Civ. P. 18b(b)(2)–(3). The court stated:

> Generally . . . recusal is not required when based solely on judicial rulings, remarks, or actions. These acts "almost never constitute a valid basis for a bias or partiality motion. In and of themselves . . . , they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Gaal*, 332 S.W.3d at 453–54 (quoting *Liteky*, 510 U.S. at 555).

In the following paragraph in her brief, Appellant summarized her argument that Judge Whalen should have been recused:

> Judge Whalen, without having seen the search warrant affidavit, told Officer Allafchian to "bring that effing warrant over here and I'll sign it." Judge Whalen had made up his mind that the affidavit had

---

[2]The 2011 amendments to Rule 18b did not change subsections 1–3 substantively. *See* Tex. R. Civ. P. 18b cmt. 2011.

5

sufficient probable cause to be signed, despite not having read the affidavit. It is quite likely, although unprovable, that Judge Whalen had previously that evening heard or seen the news reports of the accident at issue in this case.

We must note, however, that the words attributed to Judge Whalen did not come from him directly, but rather from an officer that was purportedly restating what Judge Whalen said. Furthermore, without Officer Allafchain's testimony at the recusal hearing, there was no testimony concerning the distinct possibility that he may have embellished what Judge Whalen may have actually stated during their encounter. In this regard, Judge Gilles would not have abused his discretion in denying the motion to recuse if he based the denial on his conclusion that Judge Whalen did not make the statements attributed to him.

Appellant focused on the legality of the search warrant at the hearing on her motion to recuse, and she continues to do so on appeal. In this regard, Appellant asserted at the recusal hearing that Judge Whalen might be called as a witness to testify about the legality of the search. However, Appellant never challenged the legality of the search. Thus, Appellant's stated concern that Judge Whalen might have to testify about the legality of the search never came to fruition. Furthermore, Appellant makes no allegation on appeal that Judge Whalen acted with bias or partiality at trial.

A judge must determine probable cause to support the issuance of a search warrant from the four corners of the accompanying affidavit. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). Yet, just as the court stated in *Gaal*, questions surrounding judicial rulings, remarks, or actions are proper grounds for appeal—not for a recusal motion. *See Gaal*, 332 S.W.3d at 454.

Appellant does not elaborate on how Judge Whalen's alleged decision to sign a warrant before reading the accompanying affidavit constitutes "an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when

judging the dispute." *See Gaal*, 332 S.W.3d at 453 (quoting *Liteky*, 510 U.S. at 558). Appellant has failed to show how Judge Whalen's impartiality might reasonably be questioned, as contemplated by Rule 18b(b)(1), by these alleged comments or his signing of the eventual search warrant that authorized Appellant's blood draw. To the extent that Judge Gilles denied the recusal motion on such grounds, he did not abuse his discretion in doing so.

While Appellant did not focus on Rule 18b(b)(2) at the hearing on her motion to recuse or in her brief, we note that the Texas Court of Criminal Appeals has previously held that "[t]he mere fact that a trial judge issued a defendant's search or arrest warrant, alone, does not establish bias against that defendant in a subsequent criminal proceeding." *See Kemp v. State*, 846 S.W.2d 289, 306 (Tex. Crim. App. 1992). Here, the State correctly asserts that "nothing in the record suggests that Judge Whalen's knowledge of the facts of this case was gleaned from anywhere but the proceedings in this case." Therefore, Judge Gilles did not abuse his discretion in denying Appellant's motion to recuse under subsection (2) of Rule 18b(b), to the extent he denied the motion on such grounds, because the fact that Judge Whalen signed a search warrant authorizing a blood draw from Appellant, alone, is not enough to establish that Judge Whalen was biased against Appellant. *See id.*

Appellant also briefly contends on appeal that Judge Whalen might have had personal knowledge of disputed facts when signing the warrant because "[i]t is quite likely, although unprovable, that Judge Whalen had previously that evening heard or seen the news reports of the accident at issue in this case." *See* TEX. R. CIV. P. 18b(b)(3). Appellant raises this argument for the first time on appeal. There is nothing in the record to support the suggestion that Judge Whalen saw any news reports about the accident prior to signing the search warrant, or to support the notion that Judge Whalen relied on any extrajudicial source when deciding to sign the warrant. Thus, Appellant has failed to provide support for her contention that Judge

Whalen saw news reports about the incident before signing the warrant. Moreover, a telephone conversation with an officer on the scene prior to receiving the eventual search warrant is not contemplated under *Gaal*'s definition of "personal knowledge of disputed evidentiary facts concerning the proceeding." *See Gaal*, 332 S.W.3d at 453–54 (quoting former version of TEX. R. CIV. P. 18b(b)(1)–(3)). Accordingly, to the extent Judge Gilles denied Appellant's motion to recuse under Rule 18b(b)(3), he did not abuse his discretion in doing so.

The trial court did not abuse its discretion in denying Appellant's motion to recuse. *See Gaal*, 332 S.W.3d at 452–56, 460. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

May 23, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.